NICHOLS, Plaintiff in error, v. STATE, Defendant in error.

*No. 75–133–CR. Submitted on briefs May 5, 1976.—Decided June 2, 1976.*

(Also reported in 241 N. W. 2d 877.)

---

For the plaintiff in error the cause was submitted on the briefs of *Howard B. Eisenberg*, state public defender.

For the defendant in error the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *Albert Harriman*, assistant attorney general.

DAY, J. The order to which the writ of error is directed affirms an order of the Rock county court denying defendant Nichols' motion for postconviction relief, under sec. 974.06, Stats.,[1] from a conviction of operating a motor vehicle after revocation of his driver's license. The only issue decided on this appeal is that a defendant, having raised an issue by a sec. 974.06 motion, must make an appeal from a denial of that motion in the first instance and cannot appeal from denial of a subsequent sec. 974.06 motion covering the same issue.

On January 31, 1966, Mr. Nichols was convicted of driving while under the influence of an intoxicant. His Wisconsin driving privilege was revoked for one year; and pursuant to sec. 343.38 (1) (c), Stats.,[2] Mr. Nichols

[1] "974.06 **Post-conviction procedure.** (1) A prisoner in custody under sentence of a court claiming the right to be released upon the ground that the sentence was imposed in violation of the U. S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

[2] "343.38 **License after revocation or suspension; reinstatement of nonresident's operating privilege.** (1) LICENSE AFTER REVOCATION. Except as provided in ss. 343.10 and 343.39, the division shall not issue a license to a person whose operating privilege has been duly revoked unless the period of revocation has expired and such person:

"(a) Files with the division an application for license together with the required fee; and

was required to furnish proof of financial responsibility for three additional years if he wished his driving privilege reinstated. There is nothing in the record indicating that Mr. Nichols ever furnished proof of financial responsibility or actively sought to have his Wisconsin driving privileges reinstated.

In July, 1967, Mr. Nichols obtained an Illinois driver's license. On January 31, 1970, the period during which Mr. Nichols had to file proof of financial responsibility to qualify for reinstatement of his Wisconsin driving privilege expired; and it is conceded that he had a valid Illinois driver's license at this point.

On May 6, 1971, in Marquette county, Mr. Nichols was convicted of driving after revocation of his license in violation of sec. 343.44, Stats. 1969, based on the 1966 revocation of his Wisconsin driving privilege. His driving privilege was again revoked for one year.

On October 4, 1971, in Rock county, Mr. Nichols was again convicted of driving after revocation; and again his privilege was revoked for one year.

On July 27, 1972, in Rock county court Mr. Nichols was convicted for a third time of driving after revocation. Pursuant to sec. 343.44, Stats.,[3] he was sentenced to a mandatory prison term of one year as a third offender.

---

"(b) If the administrator so prescribes, passes an examination including the tests specified in s. 343.16 or such parts thereof as the administrator may require; and

"(c) Unless 3 years have elapsed since the expiration of the period of revocation, files with the division proof of financial responsibility in the amount, form and manner specified in ch. 344. Such proof of financial responsibility shall be maintained at all times during such 3-year period when the license is in effect. . . ."

[3] "343.44 **Driving after license revoked or suspended.** (1) No person whose operating privilege has been duly revoked or suspended pursuant to the laws of this state shall operate a motor vehicle upon any highway in this state during such suspension or revocation or thereafter before filing proof of financial re-

In October, 1972, with the assistance of counsel Mr. Nichols filed a timely sec. 974.06, Stats., motion for a new trial or postconviction relief from the July 27, 1972, conviction. In that motion it was alleged that he had possessed a valid Illinois driver's license on December 31, 1970, when his obligation to file proof of financial responsibility lapsed, and that his Wisconsin driving privilege was reinstated as a matter of law under sec. 343.38 (3).[4] It was further alleged that, as a result, his convictions for driving after revocation were invalid. In response to this first sec. 974.06 motion, but for reasons not shown in the record, the Rock county court reduced Mr. Nichols' sentence to six months. The court, however, did not set aside the conviction. No appeal was taken from this action of the court refusing to set aside the conviction. It is the denial of this motion that Mr.

sponsibility or before he has obtained a new license in this state or his operating privilege has been reinstated under the laws of this state. No person whose regular license has been duly revoked or suspended pursuant to the laws of this state, but whose chauffeur's license is still valid, shall operate a motor vehicle upon any highway in this state other than as a chauffeur before he has obtained a new license or has had his license reinstated under the laws of this state.

"(2) Any person violating this section may be fined not less than $100 nor more than $400 and shall be imprisoned not less than 10 days nor more than one year in the county jail, except that if a person violates this section after having had his operating privilege revoked because of a conviction of any of the offenses mentioned in s. 343.31, he shall be imprisoned not less than 10 days nor more than one year in the county jail for the first violation of this section and shall be imprisoned not less than 90 days nor more than one year in the county jail for the 2nd such violation and shall be imprisoned for one year in the county jail for the 3rd and each subsequent violation. . . ."

[4] 343.38 (3) "REINSTATEMENT AFTER SUSPENSION. The division shall not issue a license to a person whose operating privilege has been duly suspended while such suspension remains in effect but, upon the expiration of the period of suspension, such person's operating privilege is automatically reinstated as provided in s. 343.39."

Nichols should have appealed, if he wished to have such appeal heard on the merits.

Mr. Nichols did not do this; but on June 20, 1973, through his counsel, he moved again under sec. 974.06, Stats., to reopen and dismiss the complaint underlying his third conviction of July 27, 1972. On October 16, 1973, the Rock county court denied this motion in a written opinion noting that he had raised this issue in his first sec. 974.06 motion and had taken no appeal therefrom. There was no appeal taken from this denial of the second sec. 974.06 motion.

On June 18, 1974, Mr. Nichols filed a third sec. 974.06, Stats., motion in Rock county court. On August 5, 1974, this motion was denied, the court again noting that the basis for relief here had been raised previously. Mr. Nichols then appealed to the circuit court which affirmed the denial of the third sec. 974.06 motion by the county court. The appeal to this court is from the denial of this third sec. 974.06 motion.[5]

Sec. 974.06 (4), Wis. Stats., provides:

"(4) All grounds for relief available to a prisoner under this section must be raised in his original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the prisoner has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion."

This statute makes it clear that, if the issue is initially raised under sec. 974.06, there is no right to raise the same issue again under that statute. It follows that any

---

[5] 974.06 (7) "An appeal may be taken from the order entered on the motion as from a final judgment subject to ss. 974.03 and 974.05."

appeal from a denial of relief under this statute must be taken from the first such denial, and not from some subsequent denial of the same motion.

■ In *State v. Wills* (1975), 69 Wis. 2d 489, 230 N. W. 2d 827, this court stated at page 492:

"We agree that successive motions for postconviction relief, raising the same issues and seeking the same relief, need not be entertained."

In that case, a subsequent sec. 974.06 motion appeal was allowed on the basis that the record did not make clear whether the same issue had been raised in previous motions.

In the present case, all three of Mr. Nichols' sec. 974.06, Stats., motions plainly state that the sole basis for postconviction relief is his asserted possession of an Illinois driver's license at the time of the first conviction.

■ Our holding on this issue renders it unnecessary to consider other issues raised by the plaintiff in error on this appeal.

*By the Court.*—Order affirmed.