**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Anthony ANGELOS, Defendant-Appellant.**

No. 84–2309.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 11, 1984.

Decided June 5, 1985.

Rehearing Denied July 1, 1985.

James D. O'Connell, Asst. U.S. Atty., Dan K. Webb-U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Julius Lunciu Echeles, Chicago, Ill., for defendant-appellant.

Before CUMMINGS, Chief Judge, and BAUER and POSNER, Circuit Judges.

POSNER, Circuit Judge.

Anthony Angelos pleaded guilty to willful misapplication of the funds of a federally insured bank, in violation of 18 U.S.C. § 656, and was sentenced to serve five years in prison and to make restitution of $93,000 to victims of this and another crime of which he was convicted at the same time (he does not challenge that conviction). He did not appeal, but shortly after the time to appeal had run he filed a motion under 28 U.S.C. § 2255 to vacate his conviction and sentence, on the ground that the conduct in which he engaged is not a federal crime.

There is a threshold issue that we mention as a warning to defendants in Angelos's position, though we shall not base decision on it. A judgment entered on a plea of guilty is an appealable order, though of course the grounds of appeal are much more limited than if the defendant had contested the charges against him. To wait till the time for appeal has run and then attack the judgment by a post-conviction motion under section 2255 raises seri-

ous questions in light of *Williams v. Duckworth*, 724 F.2d 1439, 1443 (7th Cir.1984); *Norris v. United States*, 687 F.2d 899 (7th Cir.1982), and other decisions dealing with waiver of post-conviction relief by failing to raise issues on direct appeal. Angelos has offered no reason for following the circuitous route that he took to get us to examine the legal basis for his conviction. But since the government has not challenged the route, and waiver does not deprive us of subject-matter jurisdiction—waiver is waivable, see *Carbajol v. Fairman*, 700 F.2d 397, 399 (7th Cir.1983)—we shall pass by the point and proceed to the merits.

■ The question what issues of a nonconstitutional, nonjurisdictional character are open in a collateral attack on a criminal conviction, given that the issue of the defendant's guilt or innocence clearly is not, is a vexing one; and so far as pertains to this case, about all that can be offered as a generalization is that if the defendant can show that under no possible view of his conduct was he guilty of a federal crime, the conviction will be set aside as "otherwise subject to collateral attack" under 28 U.S.C. § 2255. See, e.g., *Davis v. United States*, 417 U.S. 333, 345–46, 94 S.Ct. 2298, 2304–05, 41 L.Ed.2d 109 (1974); *Strauss v. United States*, 516 F.2d 980, 984 (7th Cir. 1975).

■ Angelos's conviction is not of that character. He was the president of the Des Plaines Bank, a federally insured bank. In his own words: "The Prestige LaGrange Liquors was building a new building, and they needed a temporary loan of $80,000, and I was one of the substantial stockholders in the corporation, and I arranged the loan [by the bank] for Prestige Liquors without the approval, the previous approval, of the Board of Directors [of the bank]." Angelos owned 80 percent of the stock of Prestige Liquors. To cause a loan to be made—knowing that you are violating proper banking procedure (Angelos admitted he was violating proper procedure in acting without the approval of the board)—from the bank that employs you to a firm in which you have a substantial financial interest—to do all this and actively conceal what you are doing—is willful misapplica-

tion of bank funds. See, e.g., *United States v. Krepps*, 605 F.2d 101, 108 (3d Cir.1979).

■ It is true, as Angelos argues, that the courts have read back into section 656 a requirement that the government show an intent to "injure or defraud" the bank, a requirement dropped from the statute by inadvertence in the course of a technical revision of the federal criminal code. See, e.g., *United States v. Shively*, 715 F.2d 260, 266 (7th Cir.1983). The purpose of the requirement is to avoid making a felony out of every unauthorized bank transaction. But it does not follow as Angelos contends that he could not have been guilty of violating section 656 because he intended to repay the loan. In fact it is irrelevant, just as it is irrelevant to a charge of embezzlement that the embezzler intended to return the money he embezzled—or even that he did return it. See, e.g., *United States v. Bailey*, 734 F.2d 296, 304 (7th Cir.1984). You can harm a bank by taking its money even if you intend to return it. Although Angelos repaid the loan shortly after making it, he did so with funds borrowed from a person who had intended to use them to make a capital contribution to the bank. And he placed the bank in jeopardy of violating the legal limitations on lending to its own officers. See Ill.Rev. Stat.1981, ch. 17, ¶ 347(1). Most important, his highly irregular borrowing imposed a serious risk of loss on the bank. To create grave risks is often criminal conduct, even though the risk may not materialize; criminal punishments for drunk driving and for unsuccessful attempts are pertinent examples and the embezzlement case just mentioned is even more pertinent.

■ Moreover, it is important to distinguish between intent to injure and intent to defraud; either will do, and they are not the same. By lending the bank's money in effect to himself in violation of accepted banking procedures, Angelos breached his fiduciary obligation to the bank, and it is irrelevant whether he thought, and thought correctly, that the bank would not be hurt. Intent to defraud—which means, to take financial advantage of a confidential relationship, as we noted recently in *United States v. Dial*, 757 F.2d 163, 168 (7th Cir.

1985)—is all that is required to make out a violation of section 656; intent to injure the bank need not be shown.

It thus appears not only that there was some factual basis for the charges against Angelos but that he indeed was guilty of them. The motion to set aside the conviction and sentence was properly denied.

 We add for guidance to other defendants contemplating the procedure followed by Angelos that, if he had won his motion, he would not, as he thinks, have been declared acquitted. He pleaded guilty to two counts of a longer indictment. If we had concluded that the two counts did not charge an offense, and we had therefore allowed him to withdraw his plea, the government could proceed against him on the other counts. See *United States v. Anderson,* 514 F.2d 583, 586–88 (7th Cir. 1975); LaFave & Israel, Criminal Procedure § 20.5(e) (1984).

AFFIRMED.