**Marvin J. LEONARD, Petitioner,**

v.

**WARDEN, DODGE CORRECTIONAL INSTITUTION, Respondent.**

No. 85–C–1182.

United States District Court,
E.D. Wisconsin.

April 3, 1986.

Seymour Gimbel, Milwaukee, Wis., for petitioner.

John Glinski, Asst. Atty. Gen., Madison, Wis., for respondent.

DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

On July 26, 1983, in Marathon County Circuit Court, the petitioner was convicted

in two separate cases of three counts of delivery of schedule IV controlled substances, each in violation of Wis.Stat. §§ 161.41(1) and 161.20(2). In the first case, no. 82–Cr–688, the petitioner was convicted in a single count for the July 20, 1982, sale of diazepam. In the second case, no. 82–Cr–989, the petitioner was convicted in count 1 for the sale of chlordiazepoxide, and in count 2 for the sale of flurazepam, both of which occurred in a single transaction on July 28, 1982. The sales in both cases were made to the same undercover agent.

The trial court sentenced the petitioner in case no. 82–Cr–688 to two years to run concurrently with count 2 of case no. 82–Cr–989 and with a two-year sentence on unrelated federal charges. In case no. 82–Cr–989, the petitioner was sentenced on count 1 to two years to be served concurrently with the two-year sentence in case no. 82–Cr–688 and with the two-year federal sentence. In count 2 of case no. 82–Cr–989, the trial court sentenced the petitioner to three years imprisonment consecutive to count 1 of the same case. The petitioner thus was sentenced to a total of five years imprisonment on the three state counts, the first two years to be served concurrently with the federal sentence.

The petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 contending that he received consecutive sentences for a single state offense in violation of the double jeopardy clause of the fifth amendment. The petition for habeas corpus relief will be denied.

Following his convictions, the petitioner, by counsel, filed a post-conviction motion for relief in which he raised several claims but not the double jeopardy claim he asserts in the present action. The trial court denied this motion on April 5, 1984. The petitioner promptly appealed this denial.

On June 4, 1984, while the appeal from the denial of his first post-conviction motion was pending, the petitioner filed a "supplemental" post-conviction motion for relief in which he raised his double jeopardy claim. On July 5, 1984, the trial court denied this supplemental post-conviction

motion. The petitioner did not appeal this ruling. He did, however, file a supplemental pro se appellate brief in which he addressed the double jeopardy issue. This pro se brief accompanied the appellate brief of petitioner's counsel challenging the denial of the initial post-conviction motion.

On March 5, 1985, the Wisconsin Court of Appeals affirmed Mr. Leonard's convictions as well as the trial court's April 5, 1984, order denying the initial post-conviction motion. The court of appeals did not address the petitioner's double jeopardy claim despite indicating in a footnote to its decision that: "We see no reason why appellant cannot make additional arguments on his own behalf as was done in this case."

Mr. Leonard's counsel in state court then filed as timely petition for review with the Wisconsin Supreme Court pursuant to Wis. Stat. § 809.32(4). The petitioner, however, did not file a pro se statement of reasons in support of his petition as required by § 809.32(4). The state high court denied the petition for review without explanation on May 14, 1985.

## EXHAUSTION OF STATE REMEDIES

As a preliminary matter, the state contends that this action must be dismissed because the petitioner failed to exhaust his state court remedies by failing to appeal the trial court's order denying his supplemental post-conviction motion and by neglecting to file the supplemental statement required by Wis.Stat. § 809.32(4). The state does not indicate what state remedies it believes are still available to the petitioner for raising his double jeopardy claim.

■ The petitioner's failure to file the statement required by § 809.32(4) has no relevance to the matter at bar. Mr. Leonard's counsel petitioned the Wisconsin Supreme Court under § 809.32(4) for review of the state court of appeals decision of March 5, 1985. As previously noted, the court of appeals did not address the petitioner's double jeopardy claim in its decision. Even had they done so, the time for the petitioner to file his supplemental state-

ment under § 809.32(4) lapsed long ago. *See* Wis.Stat. § 809.62(1). The exhaustion requirement of 28 U.S.C. § 2254(b) refers, of course, only to state remedies still available at the time of the federal habeas corpus petition.

■ It is similarly too late for the petitioner to appeal the trial court's denial of his supplemental post-conviction motion. *See* Wis.Stat. §§ 974.02, 809.30(2)(h). Nor may the petitioner file another post-conviction motion in state court raising his double jeopardy claim for the purpose of obtaining state appellate court review of this issue. An issue initially raised in a post-conviction motion may not be raised in a subsequent post-conviction motion. Wis.Stat. § 974.-06(4); *Nichols v. State,* 73 Wis.2d 90, 94–95 (1976). Because the petitioner can no longer raise his double jeopardy claim in state court, he has exhausted his state remedies pursuant to 28 U.S.C. § 2254(b) and (c).

■ The state has not raised the defense of waiver. The waiver doctrine, in contrast to the exhaustion requirement, addresses "the situation in which there is no presently available state remedy but the petitioner bypassed an earlier opportunity to have a state court consider his constitutional claim." *Perry v. Fairman,* 702 F.2d 119, 120 (7th Cir.1983). Waiver does not deprive the court of subject matter jurisdiction over a habeas corpus petition. *Id.* Because the state failed to raise the issue of waiver, it will be deemed to have waived this defense. *See United States v. Angelos,* 763 F.2d 859, 961 (7th Cir.1985). (In contrast to waiver, the state does not waive the exhaustion requirement by failing to raise it in the district court. *Granberry v. Mizell,* 780 F.2d 14 (7th Cir.1985)). The court, therefore, will consider the merits of the petition.

## DOUBLE JEOPARDY

■ Multiple punishments for the same offense are barred by the double jeopardy clause of the fifth amendment, made applicable to the states by the fourteenth amendment. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). The petitioner claims that the trial court violated the prohibition

against double jeopardy by making the three-year sentence for count 2, case no. 82–Cr–989, consecutive to the two-year sentence for count 1 of the same case, adding up to a total sentence of five years imprisonment, two years beyond the maximum sentence permissible under Wis.Stat. § 161.41(1)(c). This claim is based on the underlying contention that because all three counts arose out of a single transaction and violated the same statute, Wis. Stat. § 161.41(1)(c), they constituted a single offense for which only a single sentence could be imposed.

■ In considering the petitioner's double jeopardy claim, the trial court started with the factual premise that all three counts arose out of a single transaction to an undercover agent. The trial court then concluded that "it would appear" to be correct that sentencing the petitioner consecutively on the state drug charges would violate the double jeopardy clause. The trial court ruled, however, that the petitioner's sentence did not violate the double jeopardy clause because the court intended to make the three-year sentence for count 2, case no. 82–Cr–989, consecutive to the two-year federal sentence rather than to the concurrent two-year state sentences. While this court is bound by a state court's interpretation of its own law, it is not bound by a state court's construction of federal constitutional law. *Missouri v. Hunter,* 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983).

The state, in opposing Mr. Leonard's habeas corpus petition basically follows the lead of the state trial court. The state does not argue that the three counts for which the petitioner was convicted constitute separate offenses for which multiple, consecutive sentences may be imposed. Instead, the state contends that even if the three counts constitute a single offense, the trial court intended only that the petitioner receive a three-year state sentence to run consecutive to the two-year sentence on the unrelated federal charges.

Although the trial court well may have intended to sentence the petitioner only to

three years beyond the federal sentence, it is clear from the language of the judgments of conviction entered in the two state cases and signed by the trial judge that the petitioner received two-year concurrent sentences in case no. 82–Cr–688 and count 1 of case no. 82–Cr–989, and a three-year sentence for count 2 of case no. 82–Cr–989, consecutive to count 1 of the same case. Under count 1, case no. 82–Cr–989, the petitioner was sentenced to two years imprisonment to be served concurrently with the two-year sentence in case no. 82–Cr–688 and with the two-year federal sentence. Thus, the three-year sentence for count 2, case no. 82–Cr–989, was made consecutive to both the two-year concurrent state sentences and the two-year federal sentence.

Regardless of the federal sentence, the judgments of conviction clearly demonstrate that the petitioner was sentenced on all three state counts to a total of five years imprisonment. If the three counts constituted only one offense, the trial court's sentence violated double jeopardy. The court, therefore, must consider whether the three counts constituted separate offenses for which multiple punishment was permissible.

The petitioner was convicted of three counts of violating Wis.Stat. §§ 161.41(1) and 161.20(2). Section 161.41(1) provides in relevant part:

"Except as authorized by this chapter, it is unlawful for any person to manufacture or deliver a controlled substance. Any person who violates this subsection with respect to:

....

(c) A substance classified in schedule IV, may be fined not more than $10,000 or imprisoned not more than 3 years or both...."

Section 161.20(2) classifies the items identified in the three counts—diazepam, chlordiazepoxide, and flurazepam—as schedule IV substances. The issue before the court is whether, under the facts of this case, the double jeopardy clause bars multiple, cumulative punishment for the unlawful delivery of three different schedule IV substances.

■ This issue in turn depends upon whether the delivery of the three controlled substances constituted one offense or three separate offenses. To answer this question, the court must look to the intent of the Wisconsin legislature. "[T]he Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, supra, 459 U.S. at 366, 103 S.Ct. at 678. The question of what punishment is constitutionally permissible thus merges with the question of what punishment the legislature intended to allow. Albernaz v. United States, 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981). It follows that so long as it is consistent with the legislature's intent, a single transaction may give rise to separate offenses for which cumulative punishment may be imposed without violating the double jeopardy clause. See Garrett v. United States, —— U.S. ——, 105 S.Ct. 2407, 2412, 85 L.Ed.2d 764 (1985); Albernaz supra, 450 U.S. at 345 n. 3, 101 S.Ct. at 1145 n. 3.

■ In exploring legislative intent, we are cognizant of the rule of lenity. This rule provides that a court "will not interpret a ... criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what [the legislature] intended." Ladner v. United States, 358 U.S. 169, 178, 79 S.Ct. 209, 214, 3 L.Ed.2d 199 (1958); see also Bell v. United States, 349 U.S. 81, 83, 75 S.Ct. 620, 622, 99 L.Ed. 905 (1955). The rule of lenity is applicable, however, only after all sources from which legislative intent may be drawn have been examined. See United States v. Davis, 656 F.2d 153, 158 (5th Cir.1981), cert. denied, 456 U.S. 930, 102 S.Ct. 1979, 72 L.Ed.2d 446 (1982).

■ To determine the intent of the legislature, the court turns first to the language of the statute itself. That language is conclusive in the absence of a clearly expressed legislative purpose to the contrary.

*Albernaz supra,* 450 U.S. at 336, 101 S.Ct. at 1140–41. In the present case, Wis.Stat. § 161.41(1)(c) makes the unauthorized "delivery" of a schedule IV controlled substance an offense. It is readily apparent from the face of the statute itself that each unauthorized delivery of a schedule IV substance constitutes a separate violation of § 161.41(1)(c). There is no clearly expressed legislative intention to contradict this conclusion.

■■■ The trial court, in considering the petitioner's double jeopardy claim, stated that the state charges arose out of "one sale of numerous drugs to an undercover agent...." A state court's factual findings are entitled to deference unless the federal court finds that the state findings lack even "fair support" in the record. *Marshall v. Lonberger,* 459 U.S. 422, 432, 103 S.Ct. 843, 849–50, 74 L.Ed.2d 646 (1983); 28 U.S.C. § 2254(d)(8). There is no support in the present record for the trial court's finding that only a single sale of drugs occurred.

■■■ It is clear from the record, including the judgments of conviction, that the sale of diazepam, for which the petitioner was convicted in case no. 82–Cr–698, occurred on July 20, 1982. It is similarly patent that the sale of chlordiazepoxide and flurazepam, for which the petitioner was convicted in case no. 82–Cr–989, occurred eight days later, on July 28, 1982. Thus, the delivery of diazepam, case no. 82–Cr–688, was a separate offense from the delivery of the two schedule IV substances in case no. 82–Cr–989. To the extent that the petitioner's three-year sentence for count 2, case no. 82–Cr–989, is consecutive to the two year sentence imposed in case no. 82–Cr–688, there is no double jeopardy violation.

It is unclear from the face of § 161.41(1)(c), however, whether the simultaneous delivery of different schedule IV substances, as occurred in case no. 82–Cr–989, is properly treated as a single offense or whether the unauthorized delivery of each controlled substance is a distinct offense. In answering this question, the court is guided by the decision of the Wis-

consin Supreme Court in *Melby v. State,* 70 Wis.2d 368, 234 N.W.2d 634 (1975). In *Melby,* the defendant was found guilty of two counts of illegal possession of two different dangerous drugs in violation of Wis.Stat. §§ 161.30 and 161.30(7), and one count of possession of a narcotic drug in violation of Wis.Stat. § 161.02. (St.1969, Chap. 161 repealed and recreated by L.1971, c. 219, § 16 (effective Oct. 1, 1972)). The defendant received a separate sentence for each count. The court is concerned here only with the first two counts for possession of "dangerous drugs." The relevant statute, Wis.Stat. § 161.30(7), provided simply: "It shall be unlawful for any person to have any dangerous drug in his possession ...." Section 161.30(1)(a) listed the substances classified as "dangerous drugs."

The defendant argued that the first two counts comprised only a single offense because they were based on a single act, the simultaneous possession of two different dangerous drugs, and violated a single statute, Wis.Stat. § 161.30(7). In rejecting this argument, the court in *Melby* applied the following standard:

"[I]f any of the elements of proof required are different in the crimes charged, then they may be considered separate crimes."

*Id.* at 381, 234 N.W.2d 634. Applying this standard to the facts before it, the court went on to find that:

"[E]ach substance is different and the illegality of each must be determined independently, without regard to the others. The two drugs involved are listed as separate prohibited substances under the definition of dangerous drugs. Had one type been analyzed and found to be of a lawful variety, that would not have made possession of the other lawful. Proof was necessary that each drug was of a type prohibited by the statute.

*Id.* at 381–82, 234 N.W.2d 634; *see also Madison v. Nickel,* 66 Wis.2d 71, 83, 223 N.W.2d 865 (1974). Accordingly, the court in *Melby* held that the simultaneous posses-

sion of two different dangerous drugs constituted two separate crimes.

The *Melby* court's conclusion is consistent with the holdings of courts in several states with legislation similar to Wis.Stat. § 161.30(7). *See e.g., Tabb v. State,* 250 Ga. 317, 297 S.E.2d 227, 230 (1982); *State v. Williams,* 542 S.W.2d 3, 5–6 (Mo.Ct.App. 1976); *State v. Adams,* 364 A.2d 1237 (Del. Super.1976); *contra People v. Tonaldi,* 98 Ill.App.3d 528, 54 Ill.Dec. 297, 301, 424 N.E.2d 1200, 1204 (1981); *State v. Butler,* 112 N.J.Super. 305, 271 A.2d 17 (1970). The holding in *Melby* is also in line with *United States v. Davis, supra,* 656 F.2d at 159–160, in which the Court of Appeals for the Fifth Circuit held that under the federal Comprehensive Drug Abuse Prevention and Control Act, 21 U.S.C. § 801 et seq., similar to Wisconsin's Uniform Controlled Substances Act, Wis.Stat. § 161.001 et seq, the defendant's simultaneous possession of two controlled substances in violation of a single statute constituted two offenses for which multiple sentences could be imposed.

■ It follows from *Melby* that the petitioner's simultaneous delivery of different schedule IV substances constituted a separate offense for each substance. The statute violated in the present case, Wis.Stat. § 161.41(1)(c), is similar in structure to the statute at issue in *Melby,* providing that the unauthorized delivery of a schedule IV substance is unlawful. As in *Melby,* the three drugs involved in the present case are each listed in the same schedule. Wis. Stat. § 161.20(2). Despite the fact that delivery of the three substances violated one statute, § 161.41(1)(c), and that delivery of the chlordiazepoxide and flurazepam, case no. 82–Cr–989, occurred simultaneously, independent proof was necessary to establish that each drug was a prohibited schedule IV substance. Each count in the case at bar, therefore, was a separate offense.

■ It flows from this finding that the court could sentence the petitioner separately and cumulatively as to each count without violating the double jeopardy clause. Although it is not clear from reading the penalty provision of Wis.Stat. § 161.41(1)(c) whether a defendant may be separately punished for the delivery of each schedule IV substance, under Wisconsin's general sentencing law, applicable in this case:

> "The court may impose as many sentences as there are convictions and may provide that any such sentence be concurrent with or consecutive to andy other sentence imposed at the same time or previously."

Wis.Stat. § 973.15(2). In other words, state law allows the trial court to impose separate concurrent or consecutive sentences for each offense committed. Under Wisconsin law, therefore, the trial court was empowered to impose separate concurrent or consecutive sentences for each of the three counts for which the petitioner was convicted.

This conclusion is in accord with the statement of legislative intent prefacing Wisconsin's Uniform Controlled Substances Act, of which § 161.41(1)(c) is a part. This declaration of intent provides in pertinent part:

> "Persons who illicitly traffic commercially in controlled substances constitute a substantial menace to the public health and safety. The possibility of lengthy terms of imprisonment must exist as a deterrent to trafficking by such persons. Upon conviction for trafficking, such persons should be sentenced in a manner which will deter further trafficking by them, protect the public from their pernicious activities, and restore them to legitimate and· socially useful endeavors."

Wis.Stat. § 161.001(1). This statement of purpose calls for a broad reading of § 161.-41(1)(c) to allow judges the greatest flexibility in fashioning sentences to the circumstances of each case. Reading the phrase "a [schedule IV] controlled substance" in § 161.41(1)(c) to mean "all schedule IV controlled substances delivered simultaneously" would not be consistent with this broad interpretation of the statute. Such an interpretation would mean that in a case involving the simultaneous delivery of a large number of different schedule IV substances, the trial court would be limited to the maximum punishment for delivery of only one schedule IV drug.

Finally, the trial court did not violate the double jeopardy clause insofar as it made the three-year sentence for count 2, case no. 82–Cr–989, consecutive to the two-year sentence for the unrelated federal charges. The United States Constitution affords a defendant no right to have his federal and state sentences run concurrently. *United States v. Dovalina,* 711 F.2d 737, 739 (5th Cir.1983).

For all the foregoing reasons, the court finds that the sentences imposed on the petitioner in case nos. 82–Cr–688 and 82–Cr–989 do not violate the double jeopardy clause of the fifth amendment.

The petitioner also seeks reconsideration of my August 21, 1985, decision and order denying his motion for release on bond pending the resolution of his habeas corpus petition. Because Mr. Leonard's habeas corpus petition will be denied on its merits, his motion for reconsideration of my August 21, 1985, decision and order also will be denied.

Therefore, IT IS ORDERED that the petition for a writ of habeas corpus be and hereby is denied.

IT IS ALSO ORDERED that the petitioner's request for reconsideration of the court's August 21, 1985, decision and order denying his motion for release on bond be and hereby is denied.