1 F.3d 1244
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Ronald A. KEITH, Sr., Petitioner-Appellant,
v.
Gary R. MCCAUGHTRY, Respondent-Appellee.
 No. 91-3768.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 9, 1993.*
Decided Aug. 2, 1993.
As Amended on Denial of Rehearing
March 28, 1994.
 
 Before BAUER, Chief Judge, and CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Ronald A. Keith, Sr., an inmate of the Oshkosh Correctional Institution, appeals the district court's denial of his petition for a writ of habeas corpus, 28 U.S.C. Sec. 2254. The district court held that Keith's claim of ineffective assistance of counsel in state postconviction proceedings is not a constitutional violation cognizable under Sec. 2254, and that consideration of the merits of Keith's remaining claims is barred by procedural default. We affirm the district court.
 
 I. BACKGROUND
 
 2
 Ronald A. Keith entered a plea of no contest in Wisconsin state court to one count of first degree sexual assault (Count 1 of a four-count information) and one count of second degree sexual assault (Count 3). Both sexual assault charges stemmed from separate instances of sexual contact with two young boys. A judgment of conviction was entered on March 8, 1984, and Keith was sentenced to 50 months imprisonment on Count 1 and five years probation on Count 3, to be served consecutively. A court-imposed condition of Keith's probation was that he have no contact with children under the age of sixteen who were not blood relatives. When Keith was released from prison, the Wisconsin Department of Health and Social Services imposed a more restrictive rule, requiring that Keith have no contact with persons under the age of eighteen and that he report any incidental contact to his probation officer.[1] Keith's probation was later revoked on the basis of Keith's contact with a sixteen-year-old newspaper delivery boy. After a hearing held on September 7, 1989, he was sentenced to an indeterminate term of imprisonment not to exceed ten years.
 
 
 3
 Keith did not appeal his original conviction, but instead sought postconviction relief in state court pursuant to Wis.Stat. Sec. 974.06 (1985). In his first postconviction motion, Keith, by his attorney David G. Stokes, challenged the constitutionality of his no contest plea on the ground that it was not knowing and voluntary, and that he had not been competent to enter the plea. Evidentiary hearings were held on December 12, 1986 and December 22, 1986. Keith and his two trial attorneys, Daniel Stein and Daniel B. Linehan, who represented him at the time he entered his plea, were called to testify. The motion was denied at the close of proceedings on December 22, 1986. Keith did not appeal.
 
 
 4
 In his second postconviction motion, Keith again attempted to withdraw his no contest plea on the ground that his plea agreement with the state had been violated. An evidentiary hearing was held on August 26, 1988, where Keith, represented by counsel, maintained that had he known his probation would require that he avoid all contact with persons under the age of eighteen, he would never have agreed to plead no contest. His motion was denied, and Keith again failed to appeal.
 
 
 5
 Keith filed another motion to withdraw his plea, this time alleging ineffective assistance of trial counsel. The court addressed Keith's motion during his sentencing hearing, held on September 7, 1989. Keith alleged that he had "new evidence" that attorneys Linehan and Stein had intentionally misled the court at the December 22, 1986 evidentiary hearing. Because Keith had failed to subpoena his former attorneys to testify, as required by state law, the court denied his motion. The court then imposed the sentence Keith now challenges. Keith never appealed the court's denial of his motion to withdraw his plea.
 
 
 6
 Keith filed yet another postconviction motion, attempting to withdraw his plea. In this motion, Keith raised the following claims: (1) his plea was not knowing and voluntary; (2) ineffective assistance of trial counsel; (3) the state had breached the plea agreement; and (4) new evidence supported his innocence. The trial court denied the first two claims on procedural grounds and the third and fourth claims on the merits. Keith filed an appeal, adding a request that his sentence be reduced and that he be released on bail pending resolution of the appeal. The Wisconsin Court of Appeals denied all of his substantive claims on the ground of procedural default. State v. Keith, 468 N.W.2d 30 (Wis.Ct.App. Dec. 13, 1990) (unpublished opinion). The Wisconsin Supreme Court denied Keith's petition for review.
 
 
 7
 Keith then filed the present petition for habeas corpus under 28 U.S.C. Sec. 2254 in federal district court.[2] A liberal reading of Keith's pro se petition reveals the following substantive claims: (1) his plea of no contest was not made knowingly and voluntarily, and he was not mentally competent to enter a plea; (2) ineffective assistance of trial counsel; (3) his plea hearing and his postconviction hearings did not comport with due process; (4) prosecutorial misconduct; and (5) ineffective assistance of counsel during state postconviction proceedings. Both parties agree that all of Keith's claims have been presented to the state court and that all available state court remedies have been exhausted.[3] The district court determined that Keith had failed to appeal the state court's adverse ruling on his claim that his no contest plea had been entered in violation of the Fifth Amendment, thus waiving his right to have that claim considered on the merits. The district court further found that the Wisconsin Court of Appeals had expressly relied on independent and adequate state procedural grounds for refusing to reach the merits of Keith's next three claims, and that Keith had not established cause for his procedural default in state court or prejudice resulting from that default. The district court also held that Keith's claim of ineffective assistance of counsel on state postconviction review was neither a "cause" excusing procedural default in state court, nor a cognizable constitutional claim in its own right. The district court therefore dismissed Keith's petition without reaching the merits of his claims. Keith filed a timely appeal. His subsequent motions for the appointment of counsel and for a stay of proceedings pending the appointment of counsel were denied.
 
 II. ANALYSIS
 
 8
 A finding of procedural default in state court that is based on adequate and independent state law grounds precludes federal review of the merits of a habeas petitioner's claims, unless the petitioner can establish cause for the procedural default and actual prejudice resulting from it. See Coleman v. Thompson, 111 S.Ct. 2546, 2554 (1991); Harris v. Reed, 489 U.S. 255, 262 (1989); Murray v. Carrier, 477 U.S. 478, 485 (1986). In order to determine whether consideration of Keith's claims is precluded by this rule, we examine whether "the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." Harris, 489 U.S. at 263 (citing Caldwell v. Mississippi, 472 U.S. 320, 327 (1985), quoting Michigan v. Long, 463 U.S. 1032, 1041 (1983)). If so, then Keith must show cause and prejudice excusing his procedural default in state court before we may consider the merits of his federal claims. See Harris, 489 U.S. at 262; Bobo v. Kolb, 969 F.2d 391, 399-400 (7th Cir.1992) (citations omitted); Farrell v. Lane, 939 F.2d 409, 411 (7th Cir.) (citations omitted), cert. denied, 112 S.Ct. 387 (1991).
 
 
 9
 In Keith's first motion for postconviction relief, Keith attempted to withdraw his plea of no contest on the ground that it had not been made knowingly and voluntarily. In that motion, Keith also claimed that he had not been competent to enter a plea or to understand the proceedings because he had been under the influence of an antidepressant medication at the time. The motion was denied orally at the close of Keith's evidentiary hearing of December 22, 1986, and Keith did not appeal. In its order of December 13, 1990, the Wisconsin Court of Appeals noted Keith's failure to appeal from the trial court's final adjudication of that claim in his first postconviction motion, and stated that Keith was now barred from appealing the trial court's subsequent decision of that issue. Keith, 468 N.W.2d 30, 1990 WL 262045, at * 1. In reaching this conclusion, the Wisconsin Court of Appeals cited Nichols v. State, 73 Wis.2d 90, 241 N.W.2d 877 (1976), a Wisconsin Supreme Court case in which Wis.Stat. Sec. 974.06(4) was held to require that an appeal be taken from the first denial of relief sought under Sec. 974.06, thus creating a procedural bar to an appeal from the denial of any subsequent Sec. 974.06 motion raising the same issue.[4] Nichols, 73 Wis.2d at 94-95, 241 N.W.2d at 879-80. From this we conclude that the Wisconsin Court of Appeals has met the "plain statement" requirement of Harris v. Reed by expressly refusing to reach the merits of Keith's constitutional challenge to his no contest plea on the basis of an adequate and independent state procedural ground. See Coleman, 111 S.Ct. at 2552-53, 2559 (habeas petitioner failed to appeal adverse ruling on a state petition for habeas corpus within the time limits prescribed by state rule, and state supreme court summarily dismissed his appeal). Absent a showing of cause and prejudice, our consideration of that claim is barred. See id. at 2565.
 
 
 10
 The Wisconsin Court of Appeals also refused to reach the merits of Keith's claims that he received ineffective assistance of trial counsel, that the state had breached the plea agreement, and that he had new evidence supporting his innocence.[5] The court based its refusal on a direct application of Wis.Stat. Sec. 974.06(4) to these claims. See Keith, 468 N.W.2d 30, 1990 WL 262045 at * 1. The court found that none of the claims had been raised by Keith in his earlier motions for postconviction relief, and that Keith had failed to offer any reason that would excuse his failure to comply with state procedural requirements. See id. Without a showing of cause and prejudice, our consideration of the merits of these claims is also barred by Keith's procedural default. See Coleman, 111 S.Ct. at 2565; Bobo, 969 F.2d at 400; Farrell, 939 F.2d at 411.
 
 
 11
 Our careful review of the record discloses that the only "cause" justifying his procedural default that Keith presented to the district court was his claim of ineffective assistance of postconviction counsel. The district court was correct in holding that because Keith had no constitutional right to be represented by an attorney on postconviction relief, ineffective assistance of counsel cannot constitute cause for procedural default.[6] See Coleman, 111 S.Ct. at 2566-68; Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Prihoda v. McCaughtry, 910 F.2d 1379, 1386 (7th Cir.1990); Morrison v. Duckworth, 898 F.2d 1298, 1301 (7th Cir.1990).
 
 
 12
 Keith now argues[7] that the attorney who represented him on his first postconviction motion, David G. Stokes, could not locate certain documents necessary to bring a timely appeal, and that the state prosecutor failed to give Stokes notice of the entry of the order denying his first postconviction motion.[8] The record before us reveals that Stokes contacted the Assistant State Public Defender in early January, 1987, concerning possible representation of Keith on appeal from the denial of his first postconviction motion. The Public Defender notified Stokes by letter of the procedure to be followed well before the time limit for filing a notice of appeal had expired, and advised Stokes that he need not wait for a written notice of entry of judgment to file the notice of appeal.[9] The district court's determination that there was no objective, external impediment to the filing of a timely appeal is therefore correct. See Carrier, 477 U.S. at 488.
 
 
 13
 Keith has also failed to show the existence of any external impediment that would justify his failure to include his claims of ineffective assistance of trial counsel, denial of due process and prosecutorial misconduct in his prior Sec. 974.06 motions for postconviction relief. We note that Keith was represented by different attorneys before the trial court and during postconviction proceedings, and that his trial attorneys testified at the hearings held on his first postconviction motion. Keith therefore had the opportunity to raise an ineffective assistance of counsel claim at that time.[10] Furthermore, at least some of the key facts supporting Keith's claim of denial of due process were available to Keith at the time he filed his first Sec. 974.06 motion, or existed as grounds for appeal of the denial of that motion. Other facts Keith alleges in support of his due process and prosecutorial misconduct claims were available to Keith at the time he made his 1988 motion for postconviction relief, but were not included in that motion. Keith never appealed the state court's denial of his 1988 motion.[11] Moreover, at his 1989 sentencing hearing, Keith failed to substantiate his claim that he had "new evidence" tending to show that his trial attorneys had intentionally misled the court in a prior collateral proceeding. As before, Keith failed to appeal the state court's adverse ruling on his motion. The district court's holding that Keith has failed to demonstrate "cause" for his procedural default thus remains undisturbed. See Coleman, 111 S.Ct. at 2566-67.
 
 
 14
 We agree with the Attorney General of Wisconsin that Keith's persistence in filing documents and motions pro se after the district court granted his motion for the appointment of counsel, but before counsel was actually provided, was highly misleading to the district court. Because Keith failed to advise the court of this possible oversight, and even filed a second motion for the appointment of counsel without calling the court's attention to its disposition of his original request, his objection to the district court's handling of his request is waived.
 
 CONCLUSION
 
 15
 The district court's dismissal of Keith's petition for a writ of habeas corpus is
 
 
 16
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 This modification of Keith's conditions of probation was later approved by the state trial court as being within the authority of the Department of Health and Social Services. (Appellant's Br., App. at 29-30)
 
 
 [2]
 The district court granted Keith's motion to proceed in forma pauperis and his request for appointment of counsel
 
 
 [3]
 Moreover, the facts Keith alleged in support of his third and fourth claims in his last Sec. 974.06 motion in state court were generally the same as those he alleges in support of his due process and prosecutorial misconduct claims in his federal habeas petition
 
 
 [4]
 Wis.Stat. Sec. 974.06(4) provides:
 All grounds for relief available to a prisoner under this section must be raised in his original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the prisoner has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.
 
 
 [5]
 As we have noted, Keith's latter two claims are predicated upon the same factual allegations as his denial of due process and prosecutorial misconduct claims, presented to the district court
 
 
 [6]
 For the same reason, the district court properly refused to consider Keith's claim of ineffective assistance of postconviction counsel as a ground for federal habeas relief. See Coleman, 111 S.Ct. at 2566-67 (no constitutional right to assistance of counsel in state postconviction proceedings); 28 U.S.C. Sec. 2254(a). Keith's argument that Finley should not apply in this case is without merit, since an appeal of a Sec. 974.06 motion is not "the first place a prisoner can present a challenge to his conviction." Coleman, 111 S.Ct. at 2567
 
 
 [7]
 We observe that in general, a habeas petitioner cannot present new arguments to the Court of Appeals which were never presented to the district court. See United States ex rel. Cole v. Lane, 752 F.2d 1210, 1219 (7th Cir.1985). Because the district court undertook an independent examination of the record for external impediments that might excuse Keith's procedural default, we will reach the merits of his arguments
 
 
 [8]
 In his appellate brief, Keith apparently contradicts his own statement before the state court at his sentencing hearing held on September 7, 1989, where he alleged that Stokes was responsible for mishandling his appeal and for "misrepresenting" Keith during the hearings held on his postconviction motion. (Sentencing Hearing Tr. at 22)
 
 
 [9]
 A copy of this letter, marked "Exh. D & D-1," is attached to Keith's "Reply to State's Response," filed in district court on June 18, 1991. Moreover, in its Responses to Keith's Sec. 2254 petition, the state advised the district court that a written order denying Keith's first post conviction motion was entered on March 4, 1987, and was thus appealable as of that date. See Wis.Stat. Sec. 808.03(1); Helmrick v. Helmrick, 291 N.W.2d 582, 583 (Wis.Ct.App. 1980) (citation omitted)
 
 
 [10]
 Cf. Velarde v. United States, 972 F.2d 826, 827 (7th Cir.1992) (where petitioner is represented by same attorney at trial and on direct appeal, he is not barred from raising ineffectiveness claim for the first time in his habeas petition)
 
 
 [11]
 We note, however, that some of the facts alleged in support Keith's present claim of prosecutorial misconduct are the same as those he brought forward in support of his claim that the state breached the plea agreement. The state court considered and rejected that claim during the 1988 hearing on Keith's second Sec. 974.06 motion