**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ronald Kainalu CHING,**
**Defendant-Appellant.**

**Nos. 81–1543X, 81–1544X.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 18, 1982.

Decided July 27, 1982.

---

David Bettencourt, Honolulu, Hawaii, for defendant-appellant.

Nancy L. Simpson, Asst. U. S. Atty., San Francisco, Cal., argued, for plaintiff-appellee; Daniel Bent, Asst. U. S. Atty., Honolulu, Hawaii, William C. Bryson, Washington, D.C., on brief.

Before MERRILL and HUG, Circuit Judges, and BROWN *, District Judge.

HUG, Circuit Judge:

Ronald Ching was charged in two indictments with eleven violations of federal firearm statutes and five narcotics offenses. He agreed to plead guilty to possession of an unregistered silencer and an unregistered pen gun, 26 U.S.C. § 5861(i); possession of a firearm by a convicted felon, 18 U.S.C. App. § 1202(a)(1); and possession of heroin with intent to distribute, 21 U.S.C. § 841(a)(1). Ching claims that the sentence imposed for these convictions was inconsistent with the terms of the plea agreement; he asks that we vacate the sentence and remand for resentencing. We affirm the judgment.

---

* The Honorable Wesley E. Brown, Senior United States District Judge for the District of Kansas, sitting by designation.

The written plea agreement specifically provided "that nothing in this agreement as to Ronald K. Ching pertains to sentencing and that the Court may sentence in its full discretion." The Government expressly reserved the right to present evidence and argument as to the appropriate sentence. Ching now contends this agreement contemplated a sentencing hearing at which the Government would be required to provide clear and convincing evidence in support of the sentence it suggested, and at which Ching would be entitled to present rebuttal evidence. He claims that the court necessarily approved this element of the agreement in accepting his plea. Prior to sentencing, however, the district judge indicated he would not hold an evidentiary hearing, but would base the sentence on the parties' affidavits and memoranda. Ching argues the denial of a contested sentencing hearing deprived him of the benefit of his plea bargain. Ching views denial of an evidentiary hearing as a constitutional deprivation, asserting that the denial undermined the voluntary nature of his plea.

We see no indication, other than contentions made by Ching at oral argument before this court, that the written memorandum of the plea agreement did not incorporate all of Ching's negotiations with the Government. Even if we assume that it did not, the record does not demonstrate that the district judge was informed of any agreement outside the memorandum. He specifically advised the parties during the plea hearing that his consideration of the plea was limited to the terms of the written agreement. Ching's attorney did not object. In discussing the voluntariness of the plea with Ching, the judge observed that under the terms of the agreement, at the time of sentencing "the government can put on evidence *if the Court allows it. . . .*" Ching did not challenge that conclusion.

After the plea had been accepted, the prosecutor indicated that he "might wish" to put on evidence at the plea hearing, as contemplated by the agreement. He expressed the opinion that the Government was obligated to provide evidence as to any material in the sentencing memorandum that was denied by Ching. Ching's attorney did not make any comments in this discussion of evidentiary burdens. He made no effort to indicate to the judge that this was not merely a procedural matter, but a vital element of Ching's plea. At the sentencing hearing, the judge discussed with the attorneys his decision not to hold an evidentiary hearing. Ching's attorney did not suggest this decision was inconsistent with the plea agreement.

■ We conclude that Ching's contention that the district court accepted, and then altered, the terms of the plea agreement is without support in the record.

Ching next claims his sentence is invalid because it was based on false, unreliable, and unsupported allegations of criminal conduct. The Government submitted an extensive sentencing memorandum that included affidavits of state and federal law enforcement officers. It recommended imposition of consecutive, maximum sentences for each of the four convictions, and a special parole term of life. In support of this recommendation, the memorandum cited Ching's sixteen years of criminal involvement, Ching's own statements as to firearm possession and narcotics addiction, and the number and nature of firearms, ammunition and narcotics paraphernalia seized at Ching's apartment. The Government also quoted statements of unidentified informants implicating Ching in several murders.

■ Ching contends submission of this material violated his due process rights and requires invalidation of his plea. For this claim to succeed, he must establish that "the challenged information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." *United States v. Lee,* 648 F.2d 667, 669 (9th Cir. 1981); *Farrow v. United States,* 580 F.2d 1339, 1359 (9th Cir. 1978) (*en banc*). Ching's contentions do not satisfy the second prong of this test. The sentencing judge repeatedly stated he would not consider any inference that Ching had committed murder or any unverified statements by unidentified infor-

mants. We see no reason to question this disclaimer, for "there is a *substantial basis* in the record on its face to support the court's statement of non-reliance." *Wilson v. United States*, 534 F.2d 130, 133 (9th Cir. 1976) (emphasis in original). The sentence was considerably less than the maximum allowed by the statutes, and did not include the permissible $55,000 in fines. The judge expressly based the sentence on the nature of the firearms involved, on Ching's rapid reacquisition of firearms after serving a prison term for a firearm offense, and on the fact that Ching's acknowledged heroin addiction enabled him to understand the seriousness of the distribution offense. Without question, these factors illustrate that the sentence was well within the sentencing judge's discretion.

Finally, Ching argues that his conviction for both possession of unregistered firearms and possession of firearms by a felon violates double jeopardy. Ching contends that his conviction under 18 U.S.C. App. § 1202(a)(1) rests on possession of the same weapon (either the pen gun or the silencer) as do the convictions under 26 U.S.C. § 5861(i). The record, although not clear, suggests that the plea of guilty to a violation of 18 U.S.C.App. § 1202(a)(1) was based on a weapon other than the pen gun or the silencer, so that the three firearms convictions are based on three separate acts of possession. Even if this is not the case, the same act of possession can give rise to violation of two statutory provisions if each statute requires proof of a fact that the other does not require. *Albernaz v. United States*, 450 U.S. 333, 337, 101 S.Ct. 1137, 1141, 67 L.Ed.2d 275 (1981); *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). These convictions satisfy the *Blockburger* test. Ching's conviction under 18 U.S.C.App. § 1202(a)(1) was based on the fact of his prior felony conviction. The two 26 U.S.C. § 5861(i) convictions each required a showing that the weapon lacked a serial number. The imposition of consecutive sentences for those three convictions therefore did not violate Ching's rights under the double jeopardy clause.

The district court's judgment is AFFIRMED.