Dennis Wayne WILLIAMS,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 86–1087.

United States Court of Appeals,
Seventh Circuit.

Argued June 10, 1986.

Decided Nov. 24, 1986.

**1302**

R. Jeffrey Wagner, Asst. U.S. Atty., Joseph P. Stadtmueller, U.S. Atty., Milwaukee, Wis., for respondent-appellee.

Richard L. Zaffiro, West Allis, Wis., for petitioner-appellant.

Before WOOD, CUDAHY, and FLAUM, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Petitioner-appellant Dennis Wayne Williams appeals the district court's denial of his motion for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2255 (1982).[1] Williams alleges that he was denied effective assistance of counsel when his court-appointed trial attorney failed to advise him that he would be required to serve at least 100 months in jail if he pleaded guilty and when his attorney failed to assist him in filing a motion for a sentence reduction pursuant to Fed.R.Crim.P. 35(b). Williams also claims that he is entitled to habeas relief on grounds that his due process rights were violated by the presence of errors in his presentence report, that his sentence is violative of the eighth amendment, and that his conviction violates the prohibition against double jeopardy. We affirm.

## I.

Pursuant to a plea agreement, Williams pled guilty to three counts of a four-count indictment. Williams was indicted as a result of an offer he and a codefendant made to sell a machine gun and silencer to federal undercover agents. Count I charged Williams with conspiracy to engage in the business of dealing in firearms without having registered to do so and without having paid the special occupational tax as required by law in violation of 18 U.S.C. § 371 (1982); Count II involved a charge of possession of an unregistered machine gun

---

**1.** In pertinent part 28 U.S.C. § 2255 (1982) provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

in contravention of 26 U.S.C. § 5861(d) (1982); and Count IV charged Williams with possession of a firearm by a convicted felon in violation of 18 U.S.C.App. § 1202(a)(1) (1982 & Supp. II 1984). Count III of the indictment was dismissed in accordance with the plea agreement. On September 14, 1983, Williams, who was represented by counsel prior to and at the time of sentencing, was sentenced to three years on Count I, ten years on Count II to run consecutively to the three years on Count I, and two years on Count IV to run concurrently with the sentence on Count II. Williams received, in effect, a sentence of thirteen years which was well within the maximum seventeen-year sentence the district court could have imposed.

On January 16, 1984, 124 days after sentencing, Williams, who claims that his trial counsel ended his representation after the imposition of sentence, filed a *pro se* motion pursuant to Fed.R.Crim.P. 35(b) seeking a reduction in his sentence alleging that it was "unduly harsh and severe" and that new circumstances "would greatly mitigate the punishment in this case." On February 7, 1984, the district court denied Williams's Rule 35(b) motion concluding that not only was the sentence initially imposed appropriate but also that the court lacked jurisdic-

tion to consider the motion since it was not filed within the 120–day period specified by Rule 35(b).[2] After new counsel was appointed for Williams, he appealed the trial court's decision and we affirmed in an unpublished order. Apart from his Rule 35(b) motion, Williams presented no other direct challenge to his sentence.

Williams subsequently sought relief pursuant to 28 U.S.C. § 2255 alleging various constitutional infirmities. The district court denied the motion for habeas relief on the merits and Williams appeals.

## II.

The government contends that our decision in *Norris v. United States,* 687 F.2d 899 (7th Cir.1982) (Cudahy, J., concurring, and Wood, Jr., J., with whom Bauer, J., joins dissenting from decision not to hear the case *en banc* ), is dispositive of the issues Williams raises. *Cf. United States ex rel. Spurlark v. Wolff,* 699 F.2d 354 (7th Cir.1983) (en banc). In *Norris,* we ruled that a failure to raise constitutional challenges to a conviction on direct appeal would bar a petitioner from raising the same issues in a section 2255 proceeding, absent a showing of good cause for and prejudice from the failure to appeal. 687 F.2d at 903–04.[3] In so doing, Judge Pos-

2. Rule 35(b) provides:

Reduction of Sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after the entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

Effective November 1, 1987, Rule 35 in its entirety will be amended to provide as follows: (a) Correction of Sentence on Remand. The court shall correct a sentence that is determined on appeal under 18 U.S.C. 3742 to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the sentencing guidelines, or to be

unreasonable, upon remand of the case to the court—

(1) for imposition of a sentence in accord with the findings of the court of appeals; or

(2) for further sentencing proceedings if, after such proceedings, the court determines that the original sentence was incorrect.

(b) Correction of Sentence for Changed Circumstances. The court, on motion of the Government, may within one year after the imposition of a sentence, lower a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, to the extent that such assistance is a factor in applicable guidelines or policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a).

3. In *Norris,* among other issues, the petitioner raised three constitutional challenges to his conviction: (1) that the trial judge was biased; (2) that the jury was racially prejudiced; and (3) that a trial witness was induced to identify the petitioner "by an unduly suggestive photographic exhibit that had been prepared by the prosecution." *Id.* at 901. After his trial, the petition-

ner, writing for the court, rejected the argument that the deliberate bypass test was still applicable in such cases. In *Kaufman v. United States*, 394 U.S. 217, 220 n. 3, 89 S.Ct. 1068, 1070 n. 3, 22 L.Ed.2d 227 (1969), the Supreme Court had noted that a failure to raise a constitutional issue on direct appeal was not fatal to a subsequent section 2255 action unless the petitioner had deliberately bypassed the appellate process.

Relying upon, among other cases, *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), the *Norris* court concluded that the Supreme Court had subsequently departed from the deliberate bypass test and had adopted the less stringent cause and prejudice standard. 687 F.2d at 903–04. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In *Frady*, the Supreme Court held that a defendant's failure to object to an erroneous jury instruction either at trial or on direct appeal barred him from raising the issue in a section 2255 petition absent a showing of good cause and prejudice. 456 U.S. at 167, 102 S.Ct. at 1594. The Court noted that the defendant in that case had failed to object at trial even though under Fed.R.Crim.P. 30 [4] he was required to raise a contemporaneous objection to any erroneous jury instruction. *Id.* at 162, 102 S.Ct. at 159. Moreover, the Court rejected the defendant's argument that the "plain error" standard of Fed.R. Crim.P. 52(b) [5] was applicable in his case as opposed to the cause and prejudice standard. *Id.* at 164, 102 S.Ct. at 1592. As the Court noted, "[b]ecause it was intended for use on direct appeal ... the 'plain error' standard is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate in-

terest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review or by the affirmance of the conviction on appeal." *Id.*

In the present case, with the decisions in *Frady* and *Norris* in mind, we must determine whether the government is correct in arguing that Williams has waived the issues he now raises. The context of this case requires that we look at two different opportunities Williams had to challenge his sentence. One opportunity was the Rule 35 proceeding. As noted above, Williams filed a Rule 35(b) motion *pro se*, and thereafter, with the assistance of his second court-appointed attorney, unsuccessfully appealed the district court's denial of his motion. Williams also could have appealed his sentence directly from the district court. Under Fed.R.App.P. 4(b), a defendant has ten days after the imposition of sentence in which to file a notice of appeal in that court. It is undisputed, however, that Williams never challenged the district court's sentencing decision on direct appeal.[6] Under *Norris*, if either of these two options provided Williams with an opportunity to raise the issues he now poses and he failed to do so, absent a showing of cause and prejudice excusing this failure, the issues would seemingly be deemed waived for purposes of his section 2255 action.

Although Williams concedes the applicability of *Norris*, he contends that he can show the necessary cause and prejudice to overcome this barrier to his habeas action. Before reaching Williams's claim that he is able to satisfy the cause and prejudice standard, however, we must first ascertain whether Williams is correct in conceding that *Norris* controls in this case. Our own

---

er in *Norris* did appeal his conviction directly to this court. However, on direct appeal, he failed to raise the three issues mentioned above.

4. In pertinent part Rule 30 provides:
 No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.

5. Rule 52(b) provides:
 Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.

6. It is similarly uncontested that Williams never challenged his sentence either by objecting at the sentencing hearing or by filing a post-trial motion.

research indicates that at least two other circuits have apparently ruled that application of the Norris standard to Williams's case would be inappropriate. In *United States v. Corsentino*, 685 F.2d 48 (2d Cir. 1982), for example, the Second Circuit held that a petitioner's failure to raise his claim that the government violated its plea agreement either on direct appeal or in a Rule 35 proceeding did not bar the petitioner from raising the same issue in a habeas petition. *Id.* at 50–51. In *Corsentino,* the petitioner pled guilty and the government thereafter allegedly failed to comply with the plea bargain requiring that it "take no position" at the sentencing hearing. In that case, the district court denied the petitioner habeas relief noting that he had failed to object to the violation of the plea agreement either at the sentencing hearing or in his Rule 35(b) motion. The Second Circuit reversed and in so doing rejected the government's waiver argument based on *Frady, supra.* The court found that unlike *Frady* where a prompt objection would have given the trial court an opportunity to give the jury a correct supplemental instruction, the opportunity to make such an objection in the post-trial period when the government allegedly violates a plea agreement is not clearly defined. *Id.* at 50–51. Secondly, even if the petitioner could have raised the issue on direct appeal, the court concluded that "this is not the traditional appellate review after trial contemplated by *Frady.*" *Id.* at 51. Finally, the court found that the petitioner's Rule 35 motion, "properly seeking an exercise of the District Court's discretion to reduce his sentence, is not a waiver of defects that are normally presented upon a collateral attack." *Id.* The court accordingly went on to consider the petitioner's claim that the government violated his plea agreement on its merits.

Similarly, in *United States v. Baylin,* 696 F.2d 1030 (3d Cir.1982), the Third Circuit held that a petitioner's failure to object to the improper inclusion of certain material in his presentence report prior to sentencing did not bar him from raising that issue in a section 2255 proceeding. In rejecting the government's argument premised on *Fra-*

*dy* that the petitioner had waived his claim, the court noted:

> The Court's concern in *Frady* was to assure that criminal judgments would not be perpetually open to revision by collateral attack; the Court therefore mandated a more stringent standard for section 2255 motions than is necessary to raise a challenge on direct appeal. We think the *Frady* rationale is inapplicable to this case for two reasons. First, [the petitioner] here challenges the imposition of a sentence after a guilty plea—a challenge for which a section 2255 proceeding is analogous to a direct appeal. This was not [the petitioner's] "second appeal," but his first, and the finality considerations motivating *Frady* and its predecessors do not apply. Second, sentencing procedures, and especially sentencing hearings, need not conform to the procedural requirements that apply during a trial. During trial, the court and opposing parties are justified in expecting litigants to raise their objections at the procedurally correct moment, and in assuming that objections not so raised have been waived. The rules are certainly not so well marked at the sentencing stage of criminal proceedings. For both of the above reasons, we conclude that there was no jurisdictional bar to the district court's having entertained [the petitioner's] claim.

*Id.* at 1036 (citation omitted). *See Diggs v. United States,* 740 F.2d 239, 243–45 (3d Cir.1984) (reaffirming *Baylin* in light of result reached in *Norris* ).

We recognize that applying *Norris* to Williams's case would be contrary to the aforementioned decisions. Nonetheless, we also note that, to some extent, *Norris* is already in conflict with *Corsentino, Baylin,* and *Diggs.* In those cases, the Second and Third Circuits distinguished *Frady* in part on grounds that Fed.R.Crim.P. 30 required the defendant in *Frady* to raise a contemporaneous objection to the erroneous jury instruction. Conversely, the courts noted that no rule of criminal procedure required a contemporaneous objection to the alleged post-trial errors raised in

*Corsentino, Baylin,* and *Diggs* and that therefore the rationale of *Frady* was inapplicable in such cases. *But cf. Gammarano v. United States,* 732 F.2d 273, 278 (2d Cir.1984) (holding that a defendant's failure to object to the government's failure to comply with a plea agreement, even in the absence of a rule requiring contemporaneous objection, can constitute a waiver of that issue in circumstances where " 'the impending violation of a plea agreement may be so clearly anticipated that a defendant's failure to object ... can fairly be taken to be a waiver of compliance with the agreement.' ") (quoting *Corsentino,* 685 F.2d at 50). Contrary to these decisions, however, we have already noted that *Norris* is not "limited to situations in which the federal criminal defendant failed to honor an established rule requiring a contemporaneous objection." *United States v. Griffin,* 765 F.2d 677, 680 (7th Cir.1985).

We also do not share with the Second and Third Circuits the concern that it is necessarily unclear when a defendant may raise an objection in the post-trial period. For example, with respect to errors or improper inclusions in a presentence report which the *Baylin* court faced, Fed.R. Crim.P. 32(c)(3)(D) provides an opportunity for suspected errors to be pointed out to the sentencing court. A finding must then be made with respect to these alleged errors or the court must conclude that a finding is not necessary because the disputed matter will not be considered in sentencing. *See also* Rule 32(c)(3)(A) ("The court shall afford the defendant and his counsel an opportunity to comment on the report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it."). Far from being unclear, the time for objecting to errors or improper inclusions in presentence reports is unambiguously expressed in the rules of criminal procedure. *See Diggs,* 740 F.2d at 244 n. 6 (court noting that its comments in *Baylin* "concerning the relative vagueness of the rules at the sentencing stage of criminal proceedings might be argued to relate more to the existence of cause for a proce-

dural default than to the applicability vel non of the cause and prejudice standard").

■ Furthermore, we reject the notion that when a defendant pleads guilty his first appeal, for all practical purposes, is a section 2255 proceeding. *See United States v. Angelos,* 763 F.2d 859, 860–61 (7th Cir.1985). There is no doubt that a defendant who pleads guilty is free to pursue a direct appeal of his sentence. *E.g., McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *United States v. Burruezo,* 704 F.2d 33 (2d Cir.1983). We recognize that Fed.R. Crim.P. 32(a)(2) requires the trial court to advise a defendant who was tried and convicted after pleading not guilty of his right to appeal whereas there is "no duty on the court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty...." Nonetheless, simply because the trial judge is not obligated to inform a defendant of his right to appeal does not mean that the defendant should be excused from failing to exercise that right. This conclusion would seem to be consistent with the Supreme Court's admonition in *Frady* that a collateral challenge is not intended as a substitute for a direct appeal. 456 U.S. at 165, 102 S.Ct. at 1593. Moreover, apart from a direct appeal, the defendant is also free to bring a Rule 35 motion and appeal any adverse ruling on the motion by the district court. *See Diggs,* 740 F.2d at 244 n. 6 ("[D]ecisions under rule 35 are generally subject to appeal; hence, arguably our statements [in *Baylin* ] that the section 2255 amounted to [the petitioner's] first appeal may have too swiftly jumped over the question of whether [the petitioner] committed a procedural default subject to the cause and prejudice standard of *Frady* when he failed to take an appeal from the decision concerning inclusion of the allegedly improper material in the pre-sentence report."). For the reasons noted above, and because defendants who plead guilty have an opportunity to challenge their sentences directly and in Rule 35 proceedings, we hold that the *Norris* cause and prejudice standard is applicable when these defendants attack their sen-

tences by raising new issues for the first time in a section 2255 proceeding.[7] With this in mind, we begin with an examination of Williams's Rule 35(b) appeal to determine whether he has waived any or all of the issues posed in his habeas petition.

█ The government contends, among other things, that Williams's failure to raise on his Rule 35(b) appeal his claim that he was entitled to counsel at the Rule 35 stage constitutes a waiver of that issue. Although Rule 35(b) is intended to deal with issues raised in the sentencing process, *see Hill v. United States,* 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962) (Rule 35 was not intended to be used as a means "to reexamine errors occurring at the trial or other proceedings prior to the imposition of sentence") (footnote omitted); 8A J. Moore, Moore's Federal Practice ¶ 35.02[1] (2d ed. 1986) (a Rule 35(b) motion "is essentially a plea for leniency addressed to the sound discretion of the district court which asks the court to reconsider the sentence already imposed in light of further information received in the time elapsed since the original sentencing"), Williams contends that his failure to raise the counsel issue on appeal is excusable. He maintains that his Rule 35(b) appeal, at which he was represented by his second court-appointed attorney, was limited solely to the question of the timeliness of his motion and did not extend to the issue of whether a defendant is constitutionally entitled to counsel's assistance in preparing such a motion. We find Williams's argument unpersuasive.

█ First, there is nothing in the record which would indicate that Williams was dissatisfied with his court-appointed trial attorney who Williams claims abandoned him. Certainly, when he filed his *pro se*

motion, Williams was aware that he was proceeding without counsel. Yet he never indicated to anyone, including the trial judge, his displeasure with his first lawyer. In fact, Williams failed to inform the trial judge that his counsel had ended his representation and at no time did he ask the court to appoint new counsel. Although criminal defendants are accorded the right to counsel at critical stages in the proceedings against them, *see Love v. Young,* 781 F.2d 1307, 1316 (7th Cir.1986), they must shoulder at least some responsibility in the attorney-client relationship and indicate to the court when, in their minds, appointed lawyers are either not doing their jobs or have ceased their representation entirely. Without such a minimal duty, defendants would be free to remain silent throughout the proceedings and only later challenge their attorneys' actions with direct and collateral attacks upon their convictions and sentences. By putting some minimal responsibility on the defendant to at least let somebody know in a timely manner what his counsel representation problem may be, it is not intended in any way to minimize the heavy responsibility that is imposed on trial counsel. Once a criminal defendant has been convicted and sentenced, or judgment has been entered in a federal habeas case, counsel may withdraw only upon the approval of this court. *United States v. Flowers,* 789 F.2d 569 (7th Cir.1986). We will not permit defense counsel "to bail out on appeal while leaving their clients in the lurch." *Id.* at 570. Had we known that Williams had been deserted by his counsel as alleged, this problem would not now be arising as an attack on his conviction. Williams, however, is no legal novice. His criminal record includes, among other things, a second-degree murder conviction in Wisconsin. Indeed, he was on parole

**7.** Of course, our holding is not necessarily a bar to a petitioner seeking habeas relief where, for example, new facts surface after the time for bringing a direct appeal or for filing a Rule 35(b) motion has expired. In such cases, under the appropriate circumstances, a showing of cause and prejudice would allow the petitioner to overcome the threshold imposed by *Norris. Cf. United States v. Johnson,* 607 F.Supp. 258, 263 (N.D.Ill.1985) ("While a trial error is usually known at trial or shortly thereafter, an error in

a presentence report which defendant alleges he never saw or had an opportunity to see might remain unknown to the defendant long after both sentencing and the time for appeal.... [T]he Court finds it difficult to find waiver where a [Fed.R.Crim.P. 32] violation has been alleged and where there is no evidence that defendant saw the presentence report (in order to discover the factual inaccuracies claimed to be waived).").

from that conviction at the time he was arrested for the weapons charges that form the basis of the present case. After reviewing his record, it becomes evident that Williams, who not only attended college, but is experienced in the criminal justice system should have and could have spoken out earlier about his alleged counsel problem.

Moreover, even if he cannot be faulted for not seeking counsel's assistance in preparing the motion, once he had court-appointed counsel on his Rule 35(b) appeal, we would have expected Williams to argue that his failure to meet the filing deadline was a direct result of his being deprived of counsel. Far from being unrelated to the timeliness issue, Williams's right to counsel argument could and should have been raised on the appeal from the district court's denial of his Rule 35(b) motion. The error in Williams's argument to the contrary is illustrated by *Norris* which was an attempt by this court to limit piecemeal

attacks on convictions. The question is not whether Williams raised the issue, but rather whether he could have and simply failed without cause to do so. If this were not the case, litigants would be free to keep issues in reserve while presenting challenges to their convictions and sentences one issue at a time. "Especially at a time when the federal courts are drowning in litigation, the presumption is against piecemeal litigation and it is the movant's burden to overcome the presumption by showing that he has a good reason for proceeding in this manner." *Norris*, 687 F.2d at 903–04. In our view, Williams has failed to make this necessary showing of cause. Accordingly, we conclude that he waived his claim alleging unconstitutional deprivation of counsel at the Rule 35 proceeding.

 We also find that Williams waived his claims alleging that his sentence violates the eighth amendment and that his convictions under Counts II and IV violate the prohibition against double jeopardy.[8]

---

**8.** Williams premises his eighth amendment claim on grounds that his sentence is unconstitutionally excessive and disproportionate to the acts he committed. Our review of the record indicates that Williams's claim, even if we were to consider it on the merits, is unfounded. It is well-established that the district court is accorded wide discretion in making sentencing decisions. As a result, so long as the sentence imposed by the court is within statutory limits and is not in violation of the Constitution, "it is only subject to review on appeal for a manifest abuse of discretion." *United States v. Mitchell*, 788 F.2d 1232, 1237 (7th Cir.1986). In Williams's case, it is undisputed that the thirteen-year sentence he received did not exceed the seventeen-year sentence the trial court could have imposed. In light of this, and Williams's extensive criminal record and involvement with drugs, it is clear that in imposing sentence the district court did not abuse its discretion.

Williams also alleges that his convictions under Counts II and IV violate the prohibition against double jeopardy. Count II involved a charge of possession of an unregistered machine gun in contravention of 26 U.S.C. § 5861(d) (1982) which makes it unlawful for any person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." Count IV charged Williams with possession of a firearm by a convicted felon in violation of 18 U.S.C.App. § 1202(a)(1) (1982 & Supp. II 1984). Although never raising this objection when he was indicted, or at any other time for that

matter, Williams now alleges that his convictions under these two statutes unconstitutionally expose him to jeopardy twice for the same conduct.

Even if we were to assume that Williams has not waived his double jeopardy claim, it is nonetheless meritless. In *United States v. Ching*, 682 F.2d 799 (9th Cir.1982), the Ninth Circuit faced almost the identical issue Williams now raises. In *Ching*, the defendant alleged that his convictions for possession of firearms not identified by serial numbers in violation of 26 U.S.C. § 5861(i) and his conviction for possession of a firearm by a felon in contravention of 18 U.S.C. App. § 1202(a)(1) violated double jeopardy. The court, citing *Albernaz v. United States*, 450 U.S. 333, 337, 101 S.Ct. 1137, 1141, 67 L.Ed.2d 275 (1981), and *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), disagreed noting that "the same act of possession can give rise to violation of two statutory provisions if each statute requires proof of a fact that the other does not require." 682 F.2d at 802. The court concluded that this test was satisfied since the conviction under 18 U.S.C.App. § 1202(a)(1) was based upon a showing of a prior felony whereas the convictions under 26 U.S.C. § 5861(i) required a showing that the weapons lacked serial numbers. Similarly, in the present case, Williams's conviction under Count II required a showing that he was in possession of an unregistered weapon while, on the other hand, his conviction under Count IV required a showing that he was a convicted felon. The sentences imposed for these two

Even if Williams is not faulted for failing to raise these issues in his Rule 35 proceeding, *see Hill v. United States, supra,* the record indicates that, even before he filed a motion seeking a sentence reduction, Williams failed to present these issues on direct appeal from the sentence imposed by the district court. *See United States v. McCoy,* 770 F.2d 647, 649 (7th Cir.1985) (noting that courts of appeal have jurisdiction to review a federal sentence resulting from a guilty plea "if the sentencing judge 'relied on improper or unreliable information in exercising his discretion or fails to exercise any discretion at all' " or if the sentence "allegedly violate[s] the defendant's constitutional rights.") (quoting *United States v. Main,* 598 F.2d 1086, 1094 (7th Cir.), *cert. denied,* 444 U.S. 943, 100 S.Ct. 301, 62 L.Ed.2d 311 (1979)).[9] As we noted earlier, under *Norris* this failure, absent a showing of good cause and prejudice, bars Williams from raising the same issues in a habeas action under section 2255.

For his part, Williams fails to put forth any reason as justification for not raising these issues on direct appeal. At oral argument, his appellate counsel indicated that after the court imposed sentence Williams's trial attorney allegedly discontinued his representation. Nonetheless, Williams does not attempt to explain nor does the record indicate why a notice of appeal from the district court's sentencing decision was not filed. Although it is claimed that his appointed trial counsel ended his representation before the 120–day period for filing a Rule 35(b) motion had expired, there is nothing in the record indicating that Williams was not represented during the ten days subsequent to his sentencing when a notice of appeal pursuant to Fed.R.App.P. 4(b) should have been filed. Even if he was not represented by counsel during this time, Williams has given us no reason to believe that the decision to forego an appeal was anything other than one that he reached in conjunction with his trial attorney prior to or immedi-

ately after sentencing. In short, Williams fails to give any reason whatsoever for his failure to appeal and we refuse to speculate on what that reason could be. *See Qualls v. United States,* 774 F.2d 850, 851 (7th Cir.1985) ("Although it could be argued that some of the petitioner's claims could not have been raised on direct appeal, and thus that his failure to take such an appeal should not preclude our review here, petitioner does not raise this issue on appeal.... Accordingly, [the petitioner] has waived the issue for appeal."). Without some showing of cause, we are forced to find that Williams's failure to raise on direct appeal his claims that his sentence violated both the eighth amendment and the prohibition against double jeopardy constituted a waiver and bars him from raising those issues now.

■ Next, we consider Williams's claim that he was denied due process because of errors in his presentence report. Although Williams couches his argument in due process terms, the gist of his claim is that his trial attorney failed to object to the inclusion of the alleged errors in the presentence report at the sentencing hearing. In essence, his argument is that his trial counsel provided ineffective assistance. With his argument in the proper perspective, it could be contested that Williams has not waived the ineffective assistance claim since arguably he should not be held accountable for his trial counsel's failure to raise an issue on direct appeal which challenges that counsel's own performance. In *Norris,* for example, we noted that in certain cases incompetence of counsel in the first appeal could constitute sufficient cause so that a defendant would not be barred from raising an issue in a section 2255 action. 687 F.2d at 903. Reliance on this ground would not, of course, excuse Williams's failure to bring the alleged errors to the district court's attention either in his Rule 35(b) motion or at any other time. Ordinarily, we would have expected

counts were not, therefore, in violation of the prohibition against double jeopardy.

9. After November 1, 1987, 18 U.S.C. § 3742 (Supp. III 1985) will define the scope of appellate review of a sentence imposed by the district court.

Williams to raise this issue at the very latest in his motion for a sentence reduction. Nonetheless, given the unique factual circumstances of this case and the fact that his Rule 35(b) appeal related primarily to the 120–day filing deadline, Williams could also arguably be excused for failing to raise the alleged errors in his sentence reduction motion. This is of little consequence, however. Even if we assume Williams can establish cause either by showing that his trial attorney's failure to bring an appeal on his behalf alleging ineffective assistance constituted incompetence or that Williams's failure to raise the alleged errors in his Rule 35(b) proceeding was excusable, he is unable to show prejudice. *See Griffin*, 765 F.2d at 682 ("When the cause and prejudice standard is applied, the defendant must satisfy both the cause and prejudice elements.").

Williams argues that the presentence report indicated, and his trial attorney had stated, that Williams had a continuing drug problem. Williams maintains, to the contrary, that his drug problem was under control and that this false information resulted in his receiving a harsher sentence. It is undisputed that Williams failed to object to his trial attorney's characterization of his drug problem. In fact, the attorney referred to Williams's problem in an attempt to obtain a less severe sentence for his client. Moreover, during the course of the sentencing hearing, Williams correctly informed the trial judge that his drug problem was under control and had been for ten years. Additionally, the trial judge stated that in giving Williams a thirteen-year sentence he had relied primarily on the defendant's "lengthy criminal record" as opposed to "his history of drug use." Mem.Op. at 4. In these circumstances, even if we assume that Williams could establish good cause for not raising the issue of the presentence report errors either on direct appeal or in the Rule 35(b) proceed-

ing, he is clearly unable to show that he was prejudiced by that action. Accordingly, we conclude that the issue is waived for purposes of the present habeas action.

Finally, Williams argues that he was denied effective assistance of counsel because his trial attorney failed to advise him that he would be required to serve at least 100 months in prison if he pled guilty. In essence, what Williams is challenging is the voluntariness of his guilty plea. As we noted above, because it involves counsel's conduct, it is arguable that there is good cause for Williams's failure to raise this issue on direct appeal.[10] Similarly, also for the reasons noted above, Williams could arguably be excused for not raising this issue in his Rule 35(b) motion. However, like his claim based on errors in the presentence report, even if we assume the existence of good cause, Williams has failed to establish that he was prejudiced by his failure to raise the issue. Williams concedes that at his sentencing hearing he was fully advised of the maximum penalties he could receive by pleading guilty. Furthermore, Williams acknowledged at that hearing that there were no sentencing guarantees being made as a result of his guilty plea. The trial judge carefully explained to Williams that he was not obligated to accept the prosecution's sentencing recommendations. Nonetheless, Williams stated that he had chosen to plead guilty and that the decision to do so had been voluntarily made. After reviewing the record, we believe that the ramifications of Williams's plea were fully and sufficiently explained to him. Under these circumstances, we conclude that Williams was not prejudiced as a result of his challenge to his guilty plea not being raised on direct appeal or in the Rule 35(b) proceeding. We accordingly find that the claim was waived for purposes of the present section 2255 action.

---

**10.** In so ruling, we do not imply that trial attorneys have an affirmative duty to disclose to their clients, who are contemplating guilty pleas, how much time they may be required to serve pursuant to a sentence imposed by the court. It is also important to note that Williams does not allege that his trial attorney, after being asked, incorrectly advised him of how long he would be required to serve. If this had in fact occurred, we would be facing an entirely different issue.

## III.

For the reasons stated above, the decision of the district court denying habeas relief is

AFFIRMED.

CUDAHY, Circuit Judge, concurring in the result:

I agree that *Norris v. United States*, 687 F.2d 899 (7th Cir.1982), might permissibly be applied to bar collateral review under the facts of this case. I write separately, however, because I question the wisdom and fairness of applying *Norris* here.

Certainly this court has held for a number of years that a defendant's failure to raise constitutional claims on direct appeal from a conviction bars the defendant from raising those claims on collateral review, absent a showing of cause and actual prejudice. *United States ex rel. Spurlark v. Wolff,* 699 F.2d 354 (7th Cir.1983) (en banc) (28 U.S.C. § 2254 proceeding); *Norris v. United States,* 687 F.2d 899 (7th Cir.1982) (28 U.S.C. § 2255 proceeding). I have in the past questioned whether *Spurlark* and *Norris* are fully supported by Supreme Court authority, *see Spurlark,* 699 F.2d at 362 (Cudahy, J., concurring in part and dissenting in part); *Norris,* 687 F.2d at 904 (Cudahy, J., concurring), but they must, of course, be regarded as the well-established law of this circuit. *See, e.g., United States v. Bailey,* 763 F.2d 862 (7th Cir.1985); *Clay v. Director, Juvenile Div., Dep't of Corrections,* 749 F.2d 427 (7th Cir.1984). In applying *Norris* and *Spurlark* to guilty-plea situations, however, I think we may be losing track of the principles expounded in their putative source, *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), which spoke to finality and judicial economy in criminal proceedings.

The majority recognizes that the two other circuits that have considered an asserted waiver of claims for purposes of section 2254 and section 2255 proceedings after a guilty plea have both concluded that a failure to appeal a sentence or to challenge it under Rule 35 should not waive claims on collateral attack. *See United States v. Baylin,* 696 F.2d 1030 (3d Cir.1982); *United States v. Corsentino,* 685 F.2d 48 (2d Cir.1982); *see also Diggs v. United States,* 740 F.2d 239 (3d Cir.1984). In both *Baylin* and *Corsentino* the Third and Second Circuits, respectively, concluded that there was no waiver when a defendant who pleaded guilty failed to appeal or to utilize Rule 35 and then brought a collateral challenge to his sentence or plea. *Baylin,* 696 F.2d at 1035; *Corsentino,* 685 F.2d at 50-51.

As a practical matter, a defendant who pleads guilty and receives a sentence is simply not in a position comparable to a defendant who is convicted after a trial. The interests of finality and efficiency may permit us to require a convicted defendant to continue to assume on direct appeal the adversarial stance assumed at trial or lose his claims. But this expectation seems less appropriate after sentencing on a plea of guilty or in the context of a motion for discretionary reduction of sentence. *Cf. Baylin,* 696 F.2d at 1036 (distinguishing a guilty plea from a conviction and a sentencing procedure from a trial); *Corsentino,* 685 F.2d at 51 (direct appeal from a guilty plea "is not the traditional appellate review after trial contemplated by *Frady* ... [and a Rule 35 motion] seeking an exercise of the District Court's discretion to reduce [a] sentence, is not a waiver of defects that are normally presented upon a collateral attack"). Nor is a defendant who pleads guilty normally apprised of his right to appeal. *See* Fed.R.Crim.P. 32(a)(2). The majority notes that a defendant who pleads guilty undoubtedly has the right to challenge a pre-sentence report, to pursue a direct appeal of a sentence and to bring a Rule 35 motion. But it seems unrealistic to expect many defendants to recognize or raise constitutional challenges in the circumstances that surround the taking of a guilty plea. And, since appeals are rarely taken from guilty pleas, allowing claims on collateral review would not result in piecemeal proceedings.

I would therefore decline to find waiver here but would follow the path of the district court, which reached the merits and found them wanting. *See United States v.*

*Williams,* No. 83–C–79, slip op. at 2–6 (E.D.Wis. Dec. 18, 1985). I therefore concur in the result but find the discussion of *Norris* and its explicit extension to guilty pleas unnecessary and a questionable application of doctrines having their roots in *Frady.*