931 F.2d 58
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Tony FISH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-2111.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 11, 1991.*
Decided April 17, 1991.
 
 Before POSNER, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Tony Fish appeals pro se from an order of the district court in which it dismissed his petition pursuant to 28 U.S.C. Sec. 2255 on the grounds that Fish's claims were waived since he had not objected at trial nor raised them on direct appeal. Upon review of the district court's order, we have determined that the district court properly identified and resolved the issues presented on appeal; therefore, we affirm for the reasons stated in the attached decision and order of the district court.
 
 
 2
 AFFIRMED.
 
 ATTACHMENT
 
 3
 UNITED STATES DISTRICT COURT EASTERN DISTRICT OF WISCONSIN
 
 
 4
 TONY FISH, Petitioner,
 
 
 5
 v.
 
 
 6
 UNITED STATES OF AMERICA, Respondent.
 
 Case No. 88-C-588
 
 7
 (82-CR-109)
 
 
 8
 June 7, 1988.
 
 DECISION AND ORDER
 
 9
 Tony Fish was convicted of second degree murder, conspiracy to commit murder, and kidnapping and was sentenced to three consecutive life sentences. His convictions were affirmed by the United States Court of Appeals for the Seventh Circuit in United States v. Torres and Fish, 733 F.2d 449, cert. denied, 469 U.S. 864 (1984).
 
 
 10
 The heinous factual details of this case were set forth at 733 F.2d 451-453 and will not be repeated herein.
 
 
 11
 Presently pending before this Court is a petition by Fish under 28 U.S.C. Sec. 2255 to vacate his conviction. Fish contends (1) that the Court's imposition of cumulative sentences was in violation of double jeopardy; and (2) that the Court improperly instructed the jury and impermissibly amended the indictment on the charge of conspiracy, thereby violating his right to a fair trial.
 
 
 12
 Section 225 provides, in part, that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Based on the decision below, the Court conclusively finds that Fish is entitled to no relief.
 
 
 13
 The issues raised by Fish were not raised at trial or on direct appeal. Furthermore, Fish fails to demonstrate good cause for and prejudice from his failure to appeal on those grounds. Fish's brief in support of the motion simply states the errors were not of his doing and that the Court must shoulder the burden of infecting the trial with the supposed errors raised above. These justifications do not suffice. See Williams v. United States, 805 F.2d 1301, 1308-09 (7th Cir.1986). Accordingly, the Court dismisses the petition on these grounds.
 
 
 14
 In the alternative, the Court would dismiss the petition on its merits. Fish's first argument is based on the faulty proposition that the elements for proving second degree murder (18 U.S.C. Secs. 1111, 1153) included the elements necessary to prove conspiracy to commit murder (18 U.S.C. Secs. 1117, 1152) and kidnapping (18 U.S.C. Secs. 1201, 1153). A review of the jury instructions in this case shows the futility of this argument. Conspiracy to commit murder requires the existence of a conspiracy of two or more persons--an element not required by second degree murder. Kidnapping requires an element of seizure or confinement--also not required by the elements of second degree murder. Thus, the Court's imposition of cumulative life sentences was not in violation of double jeopardy.
 
 
 15
 Fish's second argument contends that the Court allowed Fish to be convicted of the conspiracy charge based upon a showing of an intent of willfulness, rather than premeditation and malice aforethought. Once again, Fish ignores the instructions that were actually given. First, conspiracy to commit murder does not require a specific intent of "premeditation." Section 1117 makes no distinction between first and second degree murder. It refers only to a conspiracy to violate Sec. 1111, which defines both first and second degree murder. Thus, it is possible to conspire to commit first degree murder or second degree murder since the mental state required for the conspiracy is no greater than the mental state required for the underlying substantive offense. United States v. Feola, 420 U.S. 671 (1975). Furthermore, the jury was instructed that it needed to find the specific mental state for the underlying offense. At page 12 of the instructions, the jury was told that to act willfully "means to act or participate voluntarily and intentionally and with specific intent to do something the law forbids...." At pages 8 and 9 of the instruction the specific intent of "malice aforethought" and "premeditation" were both given. Thus, the jury was told of the specific intent needed for conspiracy to commit murder and the Court did not substitute "willfulness" for the specific intent needed for second degree murder.
 
 
 16
 Fish's motion for relief under 28 U.S.C. Sec. 2255 fails both procedurally and on its merits to establish that Fish is in custody in violation of the Constitution or laws of the United States. Therefore, his motion under Sec. 2255 is hereby DENIED. The petition is DISMISSED.
 
 
 17
 SO ORDERED this 7th day of June, 1988, at Milwaukee, Wisconsin.
 
 
 18
 /s/ROBERT W. WARREN
 
 UNITED STATES DISTRICT JUDGE
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court int his case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record