952 F.2d 1398
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Richard J. HEATH, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 90-3396.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 11, 1991.*
Decided Jan. 22, 1992.
 
 Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 In this habeas corpus action pursuant to 28 U.S.C. § 2255, Richard Heath raises four issues. He did not, however, raise these issues on direct appeal and has not shown cause and prejudice. We, therefore, affirm the district court's dismissal of his petition.
 
 I. FACTS
 
 2
 On March 24, 1987, a federal grand jury returned an eleven count indictment charging Heath with engaging in fraudulent loan transactions. A few months later, the government filed a motion in limine, and the district court granted the motion. The court's order prevented Heath from presenting certain evidence at trial "until such time as the Court may further direct."
 
 
 3
 Shortly after the order in limine, Heath pleaded guilty to two counts of the indictment and was sentenced to eight years in prison. Heath then challenged his sentence under Fed.R.Civ.P. 35(b) alleging that the sentencing court neglected to take into account his remorse and his cooperation with the government.[1] Heath never directly appealed his conviction.
 
 
 4
 Heath next filed a motion for a writ of habeas corpus under 28 U.S.C. § 2255 which the district court denied. On appeal, he raises four issues which were addressed in his district court petition: (1) that the order in limine was so broad that it violated due process and rendered his counsel ineffective, (2) that the government withheld information before sentencing, (3) that his plea process failed the test of rudimentary fairness, and (4) that the government obtained his indictment using perjured testimony.
 
 II. ANALYSIS
 
 5
 Because Heath failed to directly appeal his conviction or raise his contentions in his Rule 35(b) motion[2], his arguments are waived absent a showing of cause and prejudice. He does cannot show cause for his failure to raise his first three claims: the breadth of the motion in limine, the rudimentary fairness of the plea process, and the withholding of sentencing information. He may be able to establish cause on his fourth claim of perjured testimony, but he cannot establish prejudice. Thus, this court will not review his claims on the merits.
 
 A. The Rule of Procedural Default
 
 6
 The writ of habeas corpus is "a bulwark against convictions that violate fundamental fairness," but it also entails significant costs. Engle v. Isaac, 456 U.S. 107, 126 (1982). The most important of these costs is the uncertainty of criminal convictions. Coleman v. Thompson, 111 S.Ct. 2546, 2564 (1991). As our Supreme Court noted "both the individual criminal defendant and society have an interest in insuring that there will at some point be the certainty that comes with an end to litigation and that attention will ultimately be focused not on whether the conviction was free from error but rather on whether the prisoner can be restored to a useful place in the community." Engle, 456 U.S. at 127.
 
 
 7
 Because of the importance of finality, habeas petitions, which may be brought years after conviction, do not serve as a substitute for a direct appeal. Bontkowski v. United States, 850 F.2d 306, 312 (7th Cir.1988). If possible, all issues raised in a habeas petition must first be raised on direct appeal. Williams v. United States, 805 F.2d 1301, 1304 (7th Cir.1986), cert. denied, 481 U.S. 1039 (1987).
 
 
 8
 The rule limiting new issues in habeas proceedings applies both when a defendant is convicted and when he pleads guilty. Id. at 1306. Petitioners who plead guilty have two separate vehicles for appeal; Rule 35(b) motions to amend the sentence and direct criminal appeals under Fed.R.App.P. 4(b). If either of these options provides a defendant with an opportunity to raise his objections, he must do so before filing a habeas petition. Id. at 1304.
 
 
 9
 Heath failed to properly raise any of his contentions on direct appeal or in a Rule 35(b) proceeding. His rule 35(b) motion only addressed the severity of his sentence, an issue which is not before the court today. Furthermore, Heath never argues that he was denied the opportunity to bring his claims in earlier proceedings. See Id. (the appellant is responsible for putting forward his reasons for not appealing).
 
 B. Cause and Prejudice
 
 10
 Despite his procedural default, Heath may still bring his claims if he shows both (1) good cause for failing to pursue an issue on direct appeal and (2) actual prejudice stemming from the constitutional violation. Wainwright v. Sykes, 433 U.S. 72, 87 (1977).[3]
 
 
 11
 Cause exists when some external factor impedes a petitioner's ability to comply with a procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). When assessing whether a petitioner has established cause, we can only examine the petitioner's proffered reasons for not appealing and not speculate about other possible explanations. Williams, 805 F.2d at 1309; Qualls v. United States, 774 F.2d 850, 851 (7th Cir.1985).
 
 
 12
 Heath first claims that he did not appeal because his trial counsel was ineffective. This ineffectiveness was caused by the district court which entered an improper motion in limine. Citing United States v. Cronic, 466 U.S. 648 (1984). According to Heath, the order was so broad that it prevented counsel from introducing crucial evidence and eventually led counsel to suggest a guilty plea.
 
 
 13
 Even if these claims are true, Heath has not shown cause. Cause can be established in some cases by showing ineffective assistance, but a general assertion of ineffectiveness is not enough. Cause is established only if counsel's ineffectiveness relates to and explains the procedural default. Murray, 477 U.S. at 488; Balfour v. Haws, 892 F.2d 556, 563 (7th Cir.1989) (petitioner's general assertions of ineffectiveness do not provide cause absent an explanation for the procedural default). Heath's ineffective assistance claims do not explain counsel's failure to appeal. He has, therefore, forfeited three of his four claims because he gives no valid reason for not appealing them.
 
 
 14
 Heath does, however, provide an explanation for failing to appeal his fourth claim, perjury at his indictment. He contends that he did not raise this claim because he did not learn about the perjury until a month before his habeas petition. This assertion, if true[4], would constitute cause because it qualifies as "an external factor" which prevented Heath from appealing.
 
 
 15
 We need not, however, remand this case to determine the truth of Heath's allegations because Heath is estopped from claiming perjury at his indictment. He waived all defects in his indictment when he plead guilty. Tollett v. Henderson, 411 U.S. 258, 267 (1975).
 
 
 16
 When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.
 
 
 17
 Id.
 
 
 18
 The district court's order is therefore,
 
 
 19
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 On appeal, Heath also argued that the prosecution withheld sentencing information, but the appellate court considered it waived because Heath never addressed the issue at the district court level
 
 
 [2]
 On the appeal of his Rule 35(b) case, Heath did raise one of the contentions which he raises today. This contention is nonetheless procedurally defaulted because Heath failed to raise it in his Rule 35(b) petition before the district court. See note 1
 
 
 [3]
 Heath argues that the cause and prejudice standard does not apply when a trial judge has committed plain error. This is incorrect. See United States v. Frady, 456 U.S. 152, 166 (1982)
 
 
 [4]
 After reading the briefs, the evidence on this issue appears contradictory. Heath claims that he did not have access to documents which would have informed him of the perjury. The government disagrees