956 F.2d 272
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Tomas HERRERA, Sr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-1297.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 10, 1992.[1]
Decided Feb. 27, 1992.
 
 1
 Before CUMMINGS and CUDAHY, Circuit Judges, and WOOD, Jr., Senior Circuit Judge
 
 ORDER
 
 2
 Tomas Herrera is a federal prisoner who was denied a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Herrera appeals this denial.
 
 ANALYSIS
 
 3
 Herrera pleaded guilty to drug-related charges before a Wisconsin district court. He was sentenced to a jail term and an $8000 fine.[2] Following the sentencing, Herrera filed a motion to reduce his sentence pursuant to Fed.R.Crim.P. 35. The court denied this motion. Herrera did not appeal the denial.[3] The following year Herrera wrote a letter that cited statutory authority, asking the district court to vacate or defer the fine. The court construed the letter as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Herrera challenges this construction, but offers no alternative statute under which this motion would fall. Herrera is incorrect. Section 2255 is the proper avenue to attack an improperly imposed sentence, and in this situation, it is the exclusive remedy for Herrera's assertions. Atehortua v. Kindt, No. 90-2805, slip op. at 5 (7th Cir. Dec. 17, 1991).
 
 
 4
 Although § 2255 is the proper avenue for Herrera, it comes with a significant roadblock: A petitioner seeking relief from his sentence through a § 2255 action must have directly appealed the sentence, or applied for relief by motion to the sentencing court, raising the claim for which habeas corpus relief is sought. Frank v. United States, 914 F.2d 828, 833 n. 12 (7th Cir.1990); Williams v. United States, 805 F.2d 1301, 1306-07 (7th Cir.1986). This is an obstacle that Herrera cannot get around. Herrera did not directly appeal his sentence, and although Herrera filed a prior Rule 35(a) motion asking the judge to reconsider his sentence, he failed to raise a claim about the imposition of his fine, as well as failing to appeal the Rule 35(a) denial. Herrera's only way to overcome this failure is to show cause for the procedural default and prejudice resulting therefrom. Bontkowski v. United States, 850 F.2d 306, 313 (7th Cir.1988). He does neither. For that reason, Herrera's journey ends here.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [2]
 This term and fine were in addition to a prior prison term and $20,000 fine imposed by a Florida district court
 
 
 [3]
 In a later order, the district court stated that Herrera had appealed the denial of his Rule 35 motion. Our records do not reveal any such appeal