**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Octavio Ernesto ESPINO–ACATA,
Defendant—Appellant.**

No. 05–30316.

United States Court of Appeals,
Ninth Circuit.

Submitted March 6, 2006.[*]

Decided March 8, 2006.

Elizabeth A. Horsman, Esq., USHE—Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

David F. Ness, Esq., FDMT—Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

## MEMORANDUM **

Octavio Ernesto Espino–Acata appeals his 57–month sentence imposed after his guilty-plea conviction on one count of Illegal Reentry of a Deported Alien in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review Espino–Acata's 57–month sentence for reasonableness. *United*

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*States v. Booker,* 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). At the sentencing hearing, the district court weighed the Sentencing Guidelines range of 46 to 57 months and considered other 18 U.S.C. § 3553(a) sentencing factors, noting that Espino–Acata's prior drug conviction, return to the United States following deportation, and drug problem warrant a sentence at the high end of the Guidelines range. The court did not err in concluding that Espino–Acata has a drug problem; he told the court that this was the case and requested enrollment in the Bureau of Prisons' drug treatment program. We conclude that the sentence is reasonable. *See Booker,* 543 U.S. at 261, 125 S.Ct. 738; *United States v. Plouffe,* 436 F.3d 1062, 1062 (9th Cir.2006).

Espino–Acata's due process claim also fails, as he has not shown that the district court's assumption that he used drugs was false or unreliable. *See United States v. Ching,* 682 F.2d 799, 801 (9th Cir.1982).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.