**UNITED STATES of America, Plaintiff-Appellee,**
**v.**
**Robert BAILEY, Defendant-Appellant.**
**No. 84–2534.**

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 20, 1985.

Decided June 5, 1985.

Kenneth Flaxman, Chicago, Ill., for defendant-appellant.

Alexander Vesselinovitch, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CUDAHY and POSNER, Circuit Judges, and BROWN, Senior District Judge.[*]

WESLEY E. BROWN, Senior District Judge.

The defendant, Robert Bailey, appeals his conviction by a jury on eight counts (Counts 14 through 21) of passing and uttering forged United States postal money orders in violation of 18 U.S.C. Sec. 500 and one count (Count 1) of conspiracy to defraud the United States in violation of 18 U.S.C. Sec. 371. Underlying these charges was his participation with co-defendants Joe Morris, Darryl Brisco, Maddox Larsha, Kenosha Warren, and Lavelle Stewart[1] in a scheme to forge and to negotiate stolen United States postal money orders. Also named but not charged in the Indictment as co-conspirators were Eric Lewis, Betty Galloway, and Donna Washington. The defendant was sentenced to a total period of six years imprisonment and to a period of five years probation to commence consecutively to the period of incarceration. The defendant has assigned two errors on appeal. He contends that there was insufficient evidence introduced at trial to sustain the jury's finding of guilty on Counts 14 through 21. He also claims that the Government's position was overemphasized when the district court gave three allegedly repetitious and similar instructions concerning the law of joint venture. Finding no reversible error, we affirm.

## I. Sufficiency of Evidence

■ Counts 14 through 21 of the Indictment charged defendants Robert Bailey and Darryl Brisco, and co-conspirator Eric Lewis with passing, uttering and publishing eight forged United States postal money orders in Chicago on March 22, 1982. The defendant challenges the sufficiency of the evidence against him by questioning the credibility of Eric Lewis' testimony which implicated the defendant of his involvement and participation in the scheme to forge and to negotiate stolen United States postal money orders herein concerned. In accordance with the established precedents, we must review the entire record in the light most favorable to the Government in order to determine whether the evidence, both direct and circumstantial, together with all reasonable inferences to be drawn therefrom, is substantial enough to justify a finding of guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680, 704 (1942); *United States v. Moya*, 721 F.2d 606, 609–610 (7th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1312, 79 L.Ed.2d 709 (1984).

A synopsis of those facts, appropriately considered in the light most favorable to the jury's verdict, can be culled from the record as follows. In 1981 and 1982, two small rural post offices in Arkansas were burglarized. One of the post offices at Barton, Arkansas was burglarized three times. Stolen from these unlawful entries were approximately five hundred and fifteen blank postal money orders and two money order imprinting machines. About two hundred and twenty-six of these stolen postal money orders were recovered by postal inspectors after they had been imprinted and negotiated at various places including Chicago in 1981 and 1982.

The Government's principal witness who testified against the defendant was Eric Lewis. His testimony shows that the defendants Robert Bailey and Darryl Brisco accompanied him on March 22, 1982 when they drove together in Lewis' car to various post offices in Chicago where they cashed at least twenty stolen money orders. After each negotiation, Lewis returned to the car, retained one-fourth of the proceeds, and gave the remainder to the defendant Bailey. In one incident on the same day, Eric Lewis had some problem in cashing a money order at a post office near Lawrence and Western avenues in Chicago. He was informed by the postal clerk that she did not have enough money

---

[*] The Honorable Wesley E. Brown, Senior District Judge of the United States District Court for the District of Kansas, is sitting by designation.

[1] The record shows that Joe Morris, Darryl Brisco, Maddox Larsha, and Eric Lewis pled guilty to various charges in the Indictment before or during the trial of this case.

to cash the money order in the sum of $500 presented by Eric Lewis. She gave Lewis $350 in cash and issued a legitimate $150 money order to him. When Lewis returned to the car where the defendants Bailey and Brisco were waiting, Lewis gave the defendant Bailey the legitimate money order and a share of the proceeds. The defendant Bailey then sold the legitimate $150 money order to Brisco for a discounted value of $75. The defendant Bailey's fingerprints were found on this $150 money order.

After Eric Lewis was arrested on March 23, 1982, the postal inspectors obtained a search warrant to search Joe Morris' apartment. The postal inspectors found, *inter alia*, three pieces of yellow legal size paper containing the defendant Bailey's handwriting of the serial numbers and the amounts of the money orders distributed to each of the participants. The postal inspectors also recovered ashes which were charred remains of postal money orders. This physical evidence corroborated Eric Lewis' testimony that he saw the defendant Bailey burn parts of the postal money orders in Morris' apartment on the morning of March 22, 1982 before the defendants Brisco and Bailey and Eric Lewis went out to cash the stolen money orders herein concerned.

██ We find the evidence presented at trial is more than sufficient to sustain the conviction. The jury, whose role was trier of fact, observed the prosecution witnesses,[2] appraised their credibility, determined the weight to be given to their testimony, drew permissible inferences therefrom, resolved conflicts in the evidence and reached the ultimate conclusions of fact. Those are functions exclusively reserved to the trier of fact; and we will not re-weigh the evidence or test the credibility of the witnesses. *United States v. Garcia*, 562 F.2d 411, 412–413 (7th Cir.1977).

## II. Jury Instructions on Joint Venture

The defendant's second assignment of error is that the district court unnecessarily highlighted the Government's burden of proof when the district court gave three allegedly repetitious and similar jury instructions concerning the law of joint venture. While the defendant has conceded that the substance of each of the instructions was not improper, he claims that the repetitive nature of the instructions was prejudicial to him. The three jury instructions were adopted and given *verbatim* from Jury Instructions Sections 5.05(a), 5.06(b), and 5.07(c), which were prepared by the Committee on Federal Criminal Jury Instructions of the Seventh Circuit.[3]

██ Our task in determining the propriety of the jury instructions is to examine whether the instructions, taken as a whole, fairly and adequately stated the law pertinent to the elements of the offenses charged. *Cupp v. Naughten*, 414 U.S. 141, 146–147, 94 S.Ct. 396, 400–401, 38 L.Ed.2d 368, 373 (1973); *United States v. Isaacs*, 493 F.2d 1124, 1163 (7th Cir.), *cert. denied*, 417 U.S. 976, 94 S.Ct. 3184, 41 L.Ed.2d 1146 (1974). We find the joint venture instructions were not repetitive or inappropriate given the defendant Bailey's activities and his supervisory role in this fraudulent scheme which differed from that of co-defendant Darryl Brisco or co-conspirator Eric Lewis. While the defendant Bailey did not endorse or negotiate any of the stolen money orders himself, the evidence unequivocally shows that the defendant

---

**2.** The defendant Bailey chose not to testify nor did he call any witnesses on his behalf.

**3.** Sec. 5.05(a)  A defendant need not personally perform every act constituting the crime charged. Every person who wilfully participates in the commission of a crime may be found guilty.

Sec. 5.06(b)  Where two or more persons are charged with the commission of a crime, the guilt of one defendant may be established without proof that each of the defendants performed every act constituting the crime charged. However, you must give separate consideration to each individual defendant and to each separate charge against him or her. Each defendant is entitled to have his case determined from his own conduct and from the evidence which may be applicable to him or to her.

Sec. 5.07(c)  Whatever a person is legally capable of doing he or she can do through another person by causing that person to perform the act. If the acts of another are wilfully ordered, directed, or authorized by the defendant, he or she is responsible for such acts as though he or she personally committed them.

participated in this conspiratorial scheme by supplying the money orders to, and collecting a portion of the cash proceeds from, Darryl Brisco and Eric Lewis. We cannot accept the argument that the defendant Bailey was prejudiced by the joint venture instructions when the district court was particularly careful that the jury understood the offenses charged, as well as the burden upon the Government to prove all the essential elements of its case necessary to return a conviction. *U.S. v. Nerone,* 563 F.2d 836, 849 (7th Cir.1977), *cert. denied,* 435 U.S. 951, 98 S.Ct. 1577, 55 L.Ed.2d 801 (1978).

The judgment of the district court is AFFIRMED.