**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Donald Richard HAMMOND, Jr.,
Defendant-Appellant.**

No. 86–3110.

United States Court of Appeals,
Seventh Circuit.

Argued June 4, 1987.

Decided Aug. 5, 1987.

---

Nicholas A. DeJohn, Chicago, Ill., for defendant-appellant.

Maury S. Epner, Dept. Of Justice, Washington, D.C., for plaintiff-appellee.

Before FLAUM, MANION, Circuit Judges, and GORDON, Senior District Judge.*

MYRON L. GORDON, Senior District Judge.

Following a bench trial, the defendant-appellant, Donald Richard Hammond, Jr., was convicted on one count of distributing cocaine on August 7, 1984, in violation of 21 U.S.C. § 841(a)(1). He was acquitted on two other counts, one for cocaine distribution on November 2, 1984, and one for conspiring with his codefendant, Antonio "Butch" Stabile, to distribute cocaine between July 11, 1984, and November 2, 1984, in violation of 21 U.S.C. § 846.

Mr. Hammond bases his appeal on grounds of insufficient evidence, but we are persuaded that there was sufficient evidence to sustain his conviction.

## BACKGROUND

Although the district court judge reviewed all the evidence in this case, the conviction was based primarily on the events occurring on August 7, 1984. Judge Norgle found that on that day Mr. Hammond supplied his friend Butch Stabile with one ounce of cocaine knowing that Mr. Stabile would, in turn, sell the cocaine to another party.

Judge Norgle described certain aspects of the record that he deemed to be persuasive. A Drug Enforcement Agency [DEA] agent, Kim Collins, posed as the girlfriend of a confidential DEA informant, Steve Molnar. On August 7, 1984, Ms. Collins and Mr. Molnar met Butch Stabile at the Venice Restaurant in Chicago

* Honorable Myron L. Gordon, Senior District Judge of the Eastern District of Wisconsin, is sitting by designation.

Heights, Illinois. According to the testimony of agent Collins, as well as a tape of the conversation in the restaurant, agent Collins gave Mr. Stabile $2,400 to procure one ounce of cocaine. *See* Transcript of Proceedings [Transcript] at 995; Tape Transcript 6-T [6-T] at 11.

Mr. Stabile then left the Venice Restaurant and was followed by a DEA special agent, Larry Wirtz. Agent Wirtz observed Mr. Stabile drive to a nearby bar, the Gigolo Club, where the appellant worked as a bartender. Butch Stabile was seen going into the club for about five minutes and then driving away to the appellant's home. Mr. Stabile stayed there for a minute or two and then returned directly to the Gigolo Club. Agent Wirtz followed Mr. Stabile into the Gigolo Club where he watched Mr. Stabile and Mr. Hammond conversing. Shortly thereafter, the two men under surveillance moved into the backroom of the bar. According to agent Wirtz, the two were together in the backroom for two or three minutes. Transcript at 372. When they emerged, Mr. Stabile announced to the appellant, in a voice that agent Wirtz could hear, that he had to "deliver this package to Steve." Then Mr. Hammond pointed to some white drain cleaner liquid and said "Butch, you should give him some of this." *Id.* at 418. Both men laughed, and Stabile left the bar.

Agent Collins testified that Butch Stabile returned to the Venice Restaurant approximately forty-five minutes after he had left. Transcript at 95. Shortly after returning, Mr. Stabile delivered one ounce of cocaine to his two customers. *Id.* at 96.

It was upon this series of facts that Judge Norgle based his finding that there existed a tie between the appellant and the distribution of one ounce of cocaine on August 7, 1984; in addition, Judge Norgle relied on other facts in the record indicative of Mr. Hammond's connection with the drug sale. For instance, before Butch Stabile left the Venice Restaurant, he and agent Collins and Steve Molnar were engaged in a conversation about arrangements for a forthcoming party. 6-T at pages 5–8. During this conversation, Mr.

Stabile told agent Collins that he planned to "put the bite on Richie and [would] get [her] a little thing...." *Id.* at 7. According to the testimony of Phyllis Berti, Butch Stabile's companion, Mr. Stabile referred to Donald Richard Hammond, Jr. as "Richie." Transcript at 192–93. Moreover, according to the testimony of agent Collins, after Mr. Stabile spoke of putting the "bite on Richie," he made a snorting gesture with his hand and his nose, a gesture understood as indicative of snorting cocaine.

## ANALYSIS

On this appeal, the appellant's sole challenge is to the sufficiency of the evidence supporting his one count conviction; Mr. Hammond is saddled with a heavy burden. A court reviewing the sufficiency of the evidence must uphold a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in the original). *See also United States v. Bruun,* 809 F.2d 397, 408 (7th Cir.1987); *United States v. Bailey,* 763 F.2d 862, 863 (7th Cir.1985).

The appellant argues that the district court judge's decision to convict cannot be sustained because Mr. Hammond was not arrested until some time after the arrest of Mr. Stabile, his alleged coconspirator and codefendant; this does not preclude the ultimate establishment of the case against him. The appellant also seeks reversal by emphasizing that a portion of agent Wirtz's report on his August 7 surveillance duty was not filed until late October 1984. Although the record does indeed reflect that agent Wirtz's report in this matter was not timely filed, it remained the province of the trier of fact to determine the credibility of his testimony. It is not the function of a reviewing court to assess the credibility of witnesses. *United States v. Peters,* 791 F.2d 1270, 1290 (7th Cir. 1986); *United States v. Andrus,* 775 F.2d 825, 854 (7th Cir.1985).

■ Turning to the alleged evidentiary deficiencies, we note first that the appellant proposes a novel standard of review:

[T]he only evidence which is entitled to all reasonable inferences to be drawn in the light most favorable to the Government is that which is contained in the trial court's finding of fact and stated inferences drawn in support of the finding of guilty as to Count Four.

*Appellant's Brief* at 18.

The appellant's proposed standard of a review is without authority and confounds the limited role of appellate courts in this type of review. In examining the sufficiency of evidence underlying a criminal conviction, this court must "view the entire record in the light most favorable to the government in order to determine whether the evidence, both direct and circumstantial, together with all reasonable inferences to be drawn therefrom, is substantial enough to justify a finding of guilty beyond a reasonable doubt." *Bailey, supra,* 763 F.2d at 863.

That the instant conviction arose out of a trial to the court does not warrant divergence from the general rule which applies to court trials as well as jury trials. *See, e.g., United States v. Green,* 735 F.2d 1018, 1022–23 (7th Cir.1984). That the appellant was acquitted on some of the counts filed against him does not justify our adopting a different concept of appellate review. The *Bailey* case, frequently cited as authority for the deferential standard of review, is itself a case involving ultimate findings of both guilty and not guilty. *Bailey, supra,* 763 F.2d 861.

In the appeal at bar, we need look no further than the specific factual circumstances addressed by Judge Norgle in his decision to affirm the single count conviction of Mr. Hammond. Drawing all reasonable inferences in favor of the government, we are fully persuaded by these facts that Mr. Hammond's conviction under 21 U.S.C. § 841(a)(1) was supported by sufficient evidence.

Three elements must be proved to sustain a conviction under this statute: "(1) Knowing (2) possession of [a controlled substance] (3) with intent to distribute it...." *United States v. Vergara,* 687 F.2d 57, 61 (5th Cir.1982). Such elements may be proved by direct or circumstantial evidence. *Id.* In this case, there is clearly sufficient evidence, albeit primarily circumstantial, establishing Mr. Hammond's knowledge, possession of cocaine and intent to distribute it on August 7, 1984. On review, the fact that the bulk of the evidence against Mr. Hammond was circumstantial is not significant. " 'The test for evaluating circumstantial evidence is the same as in evaluating direct evidence.... Circumstantial evidence can be and frequently is more than sufficient to establish guilt beyond a reasonable doubt.' " *United States v. Locksley,* 811 F.2d 1104, 1107 (7th Cir.1987) (quoting *United States v. Henderson,* 693 F.2d 1028, 1030 (11th Cir. 1982)).

Reasonable inferences can readily be drawn from the evidence of Mr. Hammond's activities on August 7, 1984, to prove the first two requisite elements of a violation of § 841(a)(1). That Mr. Hammond possessed the ounce of cocaine that was ultimately delivered to agent Collins can fairly be inferred from the fact that Mr. Stabile was only able to provide the cocaine to agent Collins after he met with the appellant. Between the time he left agent Collins and returned with the cocaine, Mr. Stabile was not observed meeting with anyone besides the appellant, nor did he have the time to meet with anyone else. Further, Butch Stabile's promise to "put the bite on Richie" and the corresponding snorting gesture can reasonably be inferred to suggest that "Richie" Hammond was a source of cocaine for Mr. Stabile.

The final element of the offense can be inferred from all of the circumstances described on August 7, 1984, along with the appellant's joking reference to the white liquid. The district court construed this statement to indicate that Mr. Hammond had knowledge of Steve Molnar and a delivery to him. Clearly, Mr. Hammond intended the cocaine to be delivered to "Steve." He knew who Steve was and even joked

about having something else delivered to him. We conclude that there was sufficient evidence to establish a violation of each element of 21 U.S.C. § 841(a)(1).

## CONCLUSION

Mr. Hammond has failed to meet his heavy burden, and we find no merit in any aspect of Mr. Hammond's sufficiency argument. Accordingly, for the reasons set forth above, the judgment of the district court is affirmed.