972 F.2d 351
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alex BEVERLY Jr. also, known as Sticks, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 91-3149.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 31, 1992.*
Decided Aug. 4, 1992.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 A federal jury convicted Alex Beverly Jr. of various drug offenses. We affirmed Mr. Beverly's conviction on appeal. United States v. Beverly, 913 F.2d 337 (7th Cir.1990). Mr. Beverly then filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. In his motion, Mr. Beverly alleged that he was entitled to a new trial because of newly discovered evidence, a material variance between the indictment and the evidence adduced at trial, and his conviction was obtained in violation of the judicial principle of abatement in criminal trials. The district court, after reviewing the § 2255 motion, summarily dismissed it under Rule 4 of the Rules Governing Section 2255 Proceedings. Mr. Beverly filed a motion for reconsideration, which the district court also denied. He now appeals pro se the district court's summary dismissal of his § 2255 motion and the denial of reconsideration.
 
 
 2
 Initially, we note that Mr. Beverly's contention that the district court abused its discretion by not requiring the government to respond to his section 2255 motion is without merit. Under Rule 4(b) of the Rules Governing section 2255 Proceedings the district court is permitted to summarily dismiss a petition without a response by the government "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court...."
 
 
 3
 Mr. Beverly also contends that the district court was not permitted to sua sponte raise his failure to assert on direct appeal two of the claims presented in his § 2255 petition. Mr. Beverly cites no case law to support this argument other than some cases concerning the government's burden regarding the abuse of the writ defense. Furthermore, this court has held that district courts may raise the defense of waiver sua sponte, unless the government has implicitly or explicitly abandoned such a defense. Henderson v. Thieret, 859 F.2d 492, 498 (7th Cir.1988). Here, the district court did not order the government to respond to Mr. Beverly's petition, thus the government's failure to raise the waiver argument below does not forfeit that argument. Accordingly, the district court could sua sponte apply the defense to Mr. Beverly's claims. That being so, we affirm the dismissal of Mr. Beverly's petition for the reasons stated in the attached district court order.[1]
 
 
 4
 AFFIRMED.
 
 ATTACHMENT
 
 5
 IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
 
 DISTRICT OF ILLINOIS EASTERN DIVISION
 United States of America
 
 6
 v.
 
 
 7
 Alex Beverly, Jr.
 
 Case No. 91 C 4620
 
 8
 (87 CR 521)
 
 
 9
 Aug. 13, 1991.
 
 MEMORANDUM OPINION AND ORDER
 
 10
 Pursuant to Title 28 U.S.C. § 2255, petitioner Alex Beverly, Jr. (Beverly) filed a motion to vacate or set aside his sentence imposed by this court on September 23, 1988. Petitioner's three grounds in support of his motion are: 1) his conviction on Count III was obtained with the knowing, deliberate and improper use of perjured testimony; 2) his conviction on Count III was "achieved via a 'material variance' in the existence of the conspiracy"; and 3) his conviction was obtained in violation of the judicial principle of abatement in criminal cases. For the following reasons, the petition for habeas relief is denied.
 
 Facts
 
 11
 The petitioner was convicted of conspiring to distribute, and possession with intent to distribute heroin and cocaine in violation of 21 U.S.C. § 841(a)(1), tax evasion, and a number of other narcotics-related offenses. With respect to the instant motion, the government's case against Beverly consisted of the following evidence. Government witnesses testified that on March 24, 1986, Davis went to the Mercedes Bar (Bar), which was owned by Alex Beverly, to arrange the purchase of one ounce of brown heroin. Davis met with Willie Jordan and, in order to get DEA Special Agent Herbert Milton involved, stated that he had a friend interested in buying some heroin. Two days later, Davis returned to the Bar with Agent Milton. Milton and Davis spoke to Beverly, who made two phone calls from a private phone behind the bar, during which he asked whether Davis was still "all right." Mr. Beverly spoke privately with Willie Jordan for a few minutes, after which Jordan handed a package to Davis, which contained 24.93 grams of 2.6% heroin. Davis passed the bag to Agent Milton and gave Jordan $950.
 
 
 12
 Agent Milton and Davis returned to the Bar on April 1, and negotiated a purchase of three ounces of heroin, for which they paid $2700. A month later, on May 2, 1986, Davis and Milton went back to the Bar, and told Beverly that they wanted to buy another three ounces of heroin. They ultimately purchased 75.95 grams of 2.7% heroin. Davis returned to the Bar again on June 24, 1986, asked Beverly to contact Willie Jordan, and ordered a package of heroin which was ready for pickup on June 25, 1986. Davis and Milton picked up the package together, and paid $1800 for it.
 
 
 13
 On September 23, 1990, following a jury trial, the petitioner was convicted of conspiring to distribute, and possession with intent to distribute heroin and cocaine in violation of 21 U.S.C. § 841(a)(1), tax evasion, and a number of other narcotics-related offenses. The petitioner filed a timely notice of appeal with the Seventh Circuit Court of Appeals. Beverly's conviction was affirmed on September 7, 1990. See United States v. Beverly, 913 F.2d 337 (7th Cir.1990).
 
 Analysis
 
 14
 In his first argument for relief petitioner contends that the government wrongly relied on the testimony of Johnny Davis in obtaining his conviction. Beverly argues that new evidence in the version of the offense submitted by Charles Avant in his presentence report following a guilty plea, (Petitioner's Ex. 1) shows that the testimony presented by Davis and other government witnesses was false. Beverly argues that the statement shows that it was Avant whom Davis actually approached for heroin on May 2, 1986, and that it was Avant whom Davis ultimately conspired with.
 
 
 15
 The court is not persuaded that "evidence" contained in Avant's statement entitles Beverly to a new trial on Count III. The Seventh Circuit has held that in a "situation where newly discovered evidence allegedly demonstrates that there was false testimony at trial, or that the government witness has recanted", in order to the motion for relief the court must find as follows:
 
 
 16
 (a) The court [must be] reasonably well satisfied that the testimony given by a material witness is false.
 
 
 17
 (b) That the jury might have reached a different conclusion.
 
 
 18
 (c) That the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial.
 
 
 19
 United States v. Nero, 733 F.2d 1197, 1202 (7th Cir.1984) (quoting Larrison v. United States, 24 F.2d 82 (7th Cir.1928). The court finds that petitioner's request for habeas relief must be denied because Beverly's new evidence fails to meet at least two of the Larrison criteria. Given the evidence presented at trial regarding Beverly's participation in a number of heroin transactions, including the May 2 transaction, the court is not "reasonably well satisfied" that the testimony of the government's witnesses regarding Beverly's guilt was false, or that the jury might have reached a different conclusion in this case had this additional "evidence" been available.[1]
 
 
 20
 Similarly, petitioner's argument that his conviction was obtained with the use of perjured testimony is also rejected. Petitioner focuses on the May 2 drug transaction and Avant's statement (Petitioner's Ex. 1), which allegedly contradicts the government witnesses' testimony. Having reviewed the relevant document, the court questions whether Avant's statement is even relevant to this discussion.
 
 
 21
 In his statement Avant simply explains his own role in the drug transaction at issue. Avant stated that early one morning in the month of May after talking to Willie Jordan the night before about an opportunity to make some money in a drug deal, he waited outside the Mercedes Bar on 5304 West Madison Street. While he was there, Johnny Davis and another man approached him. Avant asked Davis if he could help him in some way. Davis stated that he wanted three ounces of heroin, and Avant assured Davis that he could get him what he wanted. While Davis and Avant were negotiating a price for the drugs, Willie Jordan drove up while. Jordan also participated in the negotiations. Avant stated that he and Jordan subsequently closed the drug deal with Davis and his friend.
 
 
 22
 This statement has little bearing on this discussion first, because its scope is extremely limited. Defendant Avant was explaining his own role in the drug transaction at issue. Beverly's reliance on the statement would seem to be misplaced, since Avant does not even purport to present a full picture of the illegal activities which led to the multiple convictions in this case. Furthermore, even if the statement were relevant, it is merely the defendant's "written narrative of his role in the offense," not an affidavit or sworn testimony.
 
 
 23
 Given these facts and the court's knowledge of this case, as well as its observance of the trial, the court is not satisfied that the testimony presented at trial, which implicated Alex Beverly in a number of heroin deals, was false.[2] Government informant Johnny Davis, Agent Milton, and Agent Walter Peasant, all testified concerning the circumstances surrounding various heroin deals, and the witnesses' testimony implicated defendant Beverly in a number of these deals. The court, like the jury in this case, finds that testimony credible. The court further finds that Avant's statement does not refute this testimony.
 
 Ground Two
 
 24
 In his second ground for relief, petitioner maintains that his conviction on the heroin counts was achieved because of a "material variance" in the existence of a conspiracy. Beverly argues that aside from the May 2 transaction, there is no direct evidence of his participation in a conspiracy to distribute heroin. Petitioner contends that the May 2 date is the only date where the government has specific evidence that he was involved in a conspiracy to sell heroin, and that in light of Avant's statement it is clear that he did not conspire with Davis on May 2, 1986. Beverly contends that the government's prosecution of him in spite of these facts resulted in a violation of his due process rights, and a denial of his right to a fair trial.
 
 
 25
 Beverly's argument that his conviction was obtained because of "a material variance" in the existence of a conspiracy is rejected for another reason as well. To the extent that Beverly is suggesting that the government's evidence did not properly implicate him in any transactions other than the one which took place on May 2, 1986, this argument could have been, and should have been raised on direct appeal. The petitioner raises this ground for relief for the first time in this petition. A section 2255 motion may not substitute for a direct appeal from an unconstitutional conviction. Beverly cannot raise in a habeas petition claims that could have been, but were not, raised earlier unless he can show cause and prejudice for his failure to raise them. Failure to establish cause and prejudice is fatal to the petitioner's claim for relief. Williams v. United States, 805 F.2d 1301, 1306-07 (7th Cir.1986); Theodorou v. United States, 896 F.2d 353, 354 (7th Cir.1990).
 
 
 26
 In the instant case, petitioner has failed to establish cause for his failure to raise his "material variance" argument in his direct appeal to the Seventh Circuit, so this argument for relief can be rejected on that basis. Petitioner was certainly aware of the argument that the evidence regarding his participation in the various drug transactions did not support his conviction when he initially appealed to the Seventh Circuit. Having failed to raise the issue on direct appeal, petitioner cannot raise these arguments now. Accordingly, the court rejects the arguments presented in grounds one and two of the petition for habeas relief.
 
 Ground Three
 
 27
 Finally, Beverly contends that since Willie Jordan died prior to trial, "under the judicial principles of abatement" the government was precluded from using evidence of Jordan's independent heroin distribution against Beverly. This argument is also rejected.
 
 
 28
 First, the court notes that the petitioner again raises this ground for relief for the first time in this petition. Beverly cannot raise claims in a habeas petition which could have been, but were not, raised earlier unless he can show cause and prejudice for his failure to raise them. Williams v. United States, 805 F.2d 1301, 1306-07 (7th Cir.1986); Theodorou v. United States, 896 F.2d 353, 354 (7th Cir.1990).
 
 
 29
 In the instant case, petitioner has failed to establish cause for his failure to raise this alleged constitutional violation in his direct appeal to the Seventh Circuit, so this ground for habeas relief can be rejected on that basis. Petitioner was certainly aware of the fact that evidence regarding Willie Jordan's role in the conspiracy was presented during the multi-defendant trial.
 
 
 30
 Further, even if petitioner could show cause for his failure to raise this argument, he cannot establish prejudice. With respect to the admission of any evidence or statements by Jordan regarding his role in the conspiracy, statements of conspirators are admissible against their co-conspirators, and were properly admitted in the instant case under 801(d)(2)(E). Further, petitioner's abatement argument is misplaced. No criminal action was taken against William Jordan following his death, so the abatement argument is not relevant. Accordingly, petitioner's second ground for habeas relief is also denied.
 
 Conclusion
 
 31
 For the foregoing reasons, the petition for habeas relief is denied.
 
 Ann Claire Williams
 Ann Claire Williams, Judge
 United States District Court
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Petitioner has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Mr. Beverly also contends that the district court abused its discretion by denying his motion for reconsideration under Fed.R.Civ.P. 59(e). As part of that motion, Mr. Beverly requested that he be allowed to supplement his petition in order to show cause and prejudice for his failure to raise two of the claims on direct appeal. Mr. Beverly's motion to reconsider/amend did not indicate in any way the manner in which he intended to show cause and prejudice. Nor does it indicate the contents of the proposed supplement. Instead, Mr. Beverly's motion merely states his belief that he is entitled to redress. This bare assertion does not meet the standards for a Rule 59(e) motion or a motion to amend under Rule 15(a). Twohy v. First National Bank, 758 F.2d 1185, 1197 (7th Cir.1985). Therefore, we hold that the district court did not abuse its discretion in denying Mr. Beverly's motion to reconsider/amend. To the extent that Mr. Beverly argues on appeal that the district court erred in not considering Charles Avant's plea testimony, sentencing testimony, and affidavit, in finding that he was not entitled to a new trial, we note that Mr. Beverly's Rule 59(e) motion makes no mention of this evidence
 
 
 [1]
 The court notes that while Beverly suggests that the evidence indicated that he was directly involved in only one heroin transaction, the evidence presented at trial implicated him in a number of transactions
 
 
 [2]
 The court notes that aside from generally suggesting that the some of the testimony of the witnesses was inconsistent, the defendant does not provide any real evidence of its falsity